BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

MYTHILI RAMAN
Assistant Attorney General
Criminal Division, U.S. Department of Justice
JAMES A. SILVER
Trial Attorney
Computer Crime and Intellectual Property Section
1301 New York Avenue, Suite 600
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

**FILED**

MAR 1 4 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>              v.<br><br>MATTHEW KEYS,<br><br>                           Defendant. | CASE NO.   **2 13 - CR  0 0 8 2 KJM**<br><br>VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Cause Damage to a Protected Computer; 18 U.S.C. § 1030(a)(5)(A) –Transmission of Malicious Code; 18 U.S.C. § 1030(a)(5)(A) AND 1030(b) –Attempted Transmission of Malicious Code; 18 U.S.C. § 982 (a)(1), 1030(i)(1)(A), AND 18 U.S.C. § 982 (a)(2)(A)- Forfeiture Allegation |

I N D I C T M E N T

COUNT ONE:  [18 U.S.C. § 371 – Conspiracy to Cause Damage to a Protected Computer]

     The Grand Jury charges:

MATTHEW KEYS,

defendant herein, as follows:

## I. INTRODUCTION

1.    At all times relevant to this Indictment:

    a.    Defendant MATTHEW KEYS was an individual residing in Sacramento County in the State and Eastern District of California.

    b.    Tribune Company was a Delaware corporation that owned, among other media outlets, the Los Angeles Times newspaper and the Sacramento, California-based television station KTXL FOX 40 ("Fox 40").

    c.    Tribune Company used a content management system ("CMS") to publish web versions of news stories from television stations and newspapers owned by Tribune Company.

    d.    Internet Relay Chat ("IRC") was an Internet-based system that allowed its users, located worldwide, to send and receive live messages to single or multiple recipients within various IRC channels, or discussion areas.

    e.    Anonymous was a group of Internet users that had claimed responsibility for intruding into, vandalizing, and disabling computer systems of governments and private entities.

    f.    "Sharpie" was the nickname of an Anonymous member.

    g.    MATTHEW KEYS was a recently terminated employee of Fox 40 and used the nickname "AESCracked" for his IRC communications with members of Anonymous.

## II. CONSPIRACY

2.    Between on or about December 8, 2010, and or about December 15, 2010, in the State and Eastern District of California and elsewhere, the defendant, MATTHEW KEYS, together with at least one other person, did conspire to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, causing loss to a person during a 1-year period aggregating at least $5,000 in value, in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B), all in violation of Title 18 United States Section, Code 371.

///

///

Indictment                2

### III.   OBJECTS

3.     The conspiracy had the following objects, among others:  to make unauthorized changes to web sites that Tribune Company used to communicate news features to the public; and to damage computer systems used by Tribune Company.

### IV.   MANNER AND MEANS OF THE CONSPIRACY

The conspiracy used several means to accomplish the objects of the conspiracy, including the following:

4.     Participants identified Tribune Company, Fox 40, and The Los Angeles Times as targets for online intrusion and web vandalism;

5.     It was part of the conspiracy to share at least one username and password combination that could be used to log in and make changes to Tribune Company's CMS;

6.     It was part of the conspiracy to obtain control of at least one additional username and password combination that could be used to log in and make changes to Tribune Company's CMS;

7.     It was part of the conspiracy to login without authorization to Tribune Company's CMS for the purpose of learning how to alter and damage it; and

8.     It was part of the conspiracy to alter the online version of a news feature published on the web site of the Los Angeles Times.

### V.   OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, at least one member of the conspiracy committed and caused to be committed various overt acts within the Eastern District of California and elsewhere, including, but not limited to, the following:

9.     On or about December 8, 2010, individuals identifying themselves as members of Anonymous had a conversation in an IRC channel known as #internetfeds in which one conspirator expressed a desire to gain unauthorized access to computer systems of Fox, a media outlet.

10.     Defendant MATTHEW KEYS, using the nickname AESCracked, responded that "it takes a while to grant one username permission to every site.  I'm doing that now."  Thereafter, KEYS was invited to join the IRC channel #internetfeds.

1     11.     Defendant MATTHEW KEYS then told the unidentified individuals that he was a former

2 employee, proceeded to give them a username and password, and told them to "go fuck some shit up."

3     12.     Between on or about December 8, 2010 and on or about December 14, 2010, at least one

4 member of the conspiracy used the anon1234 username and corresponding password to reconnoiter the

5 Tribune Company CMS to ascertain how it worked and how best to accomplish the objectives of the

6 conspiracy.

7     13.     On or about December 11, 2010, a member of the conspiracy began using the username

8 ngarcia on the Tribune Company CMS.

9     14.     On or about December 14 and 15, 2010, a member of the conspiracy used the username

10 ngarcia to alter content in a Los Angeles Times news story published on the Tribune Company CMS to

11 read as follows:

12     Pressure builds in House to elect CHIPPY 1337.

13
14     House Democratic leader Steny Hoyer sees 'very good things' in the deal cut which will see uber skid Chippy 1337 take his rightful place, as head of the Senate, reluctant House Democrats told to SUCK IT UP.

15     By CHIPPYS NO1 FAN

16     15.     On or about December 15, 2010, defendant MATTHEW KEYS, who was using the

17 online nickname "AESCracked," engaged in the following conversation and did the things reflected in

18 the conversation:

19

| sharpie: | http://[WEB ADDRESS REDACTED] |
| sharpie: | I taught myself the dystem using ngarcia |
| sharpie: | *system |
| AESCracked: | LOL |
| sharpie: | and had a whole front page layout made for the chicago tribune |
| AESCracked: | Is it live? |
| sharpie: | but dam there sysadmins were good |
| sharpie: | nah they killed me |
| sharpie: | that was up for ½ hr |
| AESCracked: | Screenshot? |
| sharpie: | no |
| AESCracked: | sucks |
| sharpie: | the I menat the LA Times was up for ½ hr |
| AESCracked: | I can grant you access again |
| sharpie: | that would be great |

| | |
|---|---|
| sharpie: | I know ho to use it now |
| AESCracked: | Standby |
| AESCracked: | Have to VPN to cover my tracks. |
| AESCracked: | Oh I already am, nvm |
| sharpie: | and I see that you can do a bunch of different layouts on different papers |
| AESCracked: | damn they cut off my account |
| sharpie: | and have them all go live at the same time |
| AESCracked: | hang on. |
| AESCracked: | Nope, I'm locked out for good. |
| sharpie: | fuck |
| AESCracked: | :( |
| sharpie: | yeah |
| AESCracked: | Let me see if I can find some other users/pass I created while there. |
| sharpie: | all those other accounts were dead in minutes and they found ngarcia damn quick |
| sharpie: | I got to give props to the stsadmins |
| sharpie: | *sysadmins |
| AESCracked: | LOL. |
| sharpie: | anyjoy? |
| AESCracked: | Not yet |
| sharpie: | kay bro |
| AESCracked: | Will check a little later for sure |
| sharpie: | afk 5 mins anyway |
| sharpie: | cool |
| sharpie: | :O |
| AESCracked: | I have a hard drive full of Tribune crap, but it's in another location. |
| sharpie: | thanks |
| AESCracked: | Sure thing |
| sharpie: | that was such a buzz having my edit |
| sharpie: | on the LA Times |
| AESCracked: | Nice |
| sharpie: | I could have done so much more if I'd known thr interface at the start |
| sharpie: | it's both easy and complicated |

All in violation of Title 18, United States Code, Section 371.

COUNT TWO:  [18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)-Transmission of Malicious Code]

The Grand Jury further charges: T H A T

MATTHEW KEYS,

defendant herein, as follows:

1.     The allegations set forth in Paragraphs 1 and 3 through 15 of Count 1 are realleged as if fully set forth herein.

Indictment                                              5

2.      Between on or about December 8, 2010, and on or about December 15, 2010, within the State and Eastern District of California and elsewhere, the defendant, MATTHEW KEYS, did knowingly transmit a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, and the offense caused loss to a person during a 1-year period from the defendant's course of conduct affecting a protected computer aggregating at least $5,000 in value, in that the Tribune Company spent over $5,000 responding to the attack, conducting a damage assessment, and restoring the system to its prior condition, in violation of Title 18 United States, Code, Section 1030(a)(5)(A), Section (c)(4)(B), and 2.

COUNT THREE:   [18 U.S.C. § 1030(a)(5)(A) AND 1030 (b)-Attempted Transmission of Malicious Code]

The Grand Jury further charges: T H A T

MATTHEW KEYS,

defendant herein, as follows:

1.      The allegations set forth in Paragraphs 1 and 3 through 15 of Count 1 are realleged as if fully set forth herein.

2.      On or about December 15, 2010, within the Eastern District of California and elsewhere, the defendant, MATTHEW KEYS, did knowingly attempt to cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally to cause damage without authorization to a protected computer, which conduct would, if completed, have caused loss to a person during a 1-year period  aggregating at least $5,000 in value, in violation of Title 18 United States Code, Section 1030(a)(5)(A), Section 2, and (c)(4)(B).

FORFEITURE ALLEGATION:      [18 U.S.C. §§ 982(a)(1), 1030(i), and 18 U.S.C.  § 982(a)(2)(A) – Criminal Forfeiture]

1.      Upon conviction of any of the offenses alleged in Counts One through Three of this Indictment, defendant MATTHEW KEYS shall forfeit to the United States of America, pursuant to Title 18 United States Code, Sections 982(a)(1) and 1030(i), all property, real or personal, used or intended to be used to commit or to facilitate the commission of such violation; and any property, real or personal, constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of such

1  violation, including:

2          a.    One MacBook Pro, serial number W88091MYJY; and

3          b.    One Toshiba hard drive, serial number X83GF1CHSEM8.

4      2.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One

5  through Three of this Indictment:

6          a.    cannot be located upon the exercise of due diligence;

7          b.    has been transferred or sold to, or deposited with, a third party;

8          c.    has been placed beyond the jurisdiction of the Court;

9          d.    has substantially diminished in value; or

10          e.    has been commingled with other property which cannot be divided without

11              difficulty;

12  it is the intent of the United States, pursuant to pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. §

13  2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up

14  to the value of the property subject to forfeiture.

15                               A TRUE BILL.

16

17                              /s/ Signature on file w/AUSA

18                              FOREPERSON

19  

20  BENJAMIN B. WAGNER
    United States Attorney

21

22

23

24

25

26

27

28

Penalty Slip

Matthew Keys

## Count One

Violation: 18 U.S.C. § 371- Conspiracy to Cause Damage to a Protected Computer
Penalty: A maximum of 5 years imprisonment, or
A fine of $250,000 or, both
3 years of Term of Supervised Release

## Count Two

Violation: 18 U.S.C. 1030(a)(5)(A)- Transmission of Malicious Code
Penalty: A maximum of 10 years imprisonment, or
A fine of $250,000 or, both
3 years of Term of Supervised Release

## Count Three

Violation: 18 U.S.C. § 1030(a)(5)(A) and 1030(b)- Attempted Transmission of Malicious Code
Penalty: A maximum of 10 years imprisonment, or
A fine of $250,000 or, both
3 years of Term of Supervised Release

## Forfeiture Allegation:

Violation: 18 U.S.C. 982(a)(1), 2030(i)(1)(A), AND 18 U.S.C. § 982(a)(2)(A)-Criminal Forfeiture
Penalty: As indicated in the Indictment

**Special Assessment**: $100.00 each count

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

## MATTHEW KEYS

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 371 - Conspiracy to Cause Damage to a Protected Computer; 18 U.S.C. § 1030(a)(5)(A) - Transmission of Malicious Code; 18 U.S.C. § 982 (a)(1), 1030 (i)(1)(A), AND 18 U.S.C. § 982 (a)(2)(A) - Forfeiture Allegation

*A true bill,*

_/s/ Signature on file w/AUSA_

*Foreman.*

*Filed in open court this* _____ *14* _____ *day*

*of* ___ *MARCH* _____ *, A.D. 20* _13_ ___

*Clerk.*

*Bail, $* ____ *Summons to issue*

*on in re*

GPO 863 525