BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
PAUL A. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

LESLIE R. CALDWELL
Assistant Attorney General
Criminal Division, U.S. Department of Justice
JAMES A. SILVER
Trial Attorney
Computer Crime and Intellectual Property Section
1301 New York Avenue, Suite 600
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

FILED
DEC 04 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW KEYS,<br><br>　　　　　Defendant. | CASE NO. 2:13-CR-00082 KJM<br><br>VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Cause Damage to a Protected Computer; 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B) – Transmission of Malicious Code; 18 U.S.C. § 1030(a)(5)(a) and 1030(b) – Attempted Transmission of Malicious Code; 18 U.S.C. §§ 982(a)(2)(B) & 1030(i)(1) – Criminal Forfeiture |

S U P E R S E D I N G   I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 371 – Conspiracy to Cause Damage to a Protected Computer]

　　　The Grand Jury charges:

　　　　　　　　　　　　　　　　MATTHEW KEYS,

defendant herein, as follows:

SUPERSEDING INDICTMENT                                  1

## I. INTRODUCTION

1. At all times relevant to this Superseding Indictment:

   a. Defendant MATTHEW KEYS was an individual residing in Sacramento County in the State and Eastern District of California.

   b. Defendant MATTHEW KEYS had been an employee of the Sacramento, California-based television station KTXL FOX 40 ("Fox 40"), and was terminated from that position in or about late October 2010.

   c. Tribune Company was a Delaware corporation that owned, among other media outlets, the Los Angeles Times newspaper and Fox 40.

   d. Tribune Company used a content management system ("CMS") to publish web versions of news stories from television stations and newspapers owned by Tribune Company.

   e. Internet Relay Chat ("IRC") was an Internet-based system that allowed its users, located worldwide, to send and receive live messages to single or multiple recipients within various IRC channels, or discussion areas.

   f. Anonymous was a group of Internet users that had claimed responsibility for intruding into, vandalizing, and disabling computer systems of governments and private entities.

   g. "Sharpie" was the nickname of an Anonymous member.

   h. After his employment was terminated, MATTHEW KEYS kept and used, for malicious purposes, login credentials to the Tribune Company's CMS.

   i. MATTHEW KEYS used nicknames including "AESCracked" and "A2SCracked" for his IRC communications with members of Anonymous.

## II. CONSPIRACY

2. Between on or about December 8, 2010, and or about December 15, 2010, in the State and Eastern District of California and elsewhere, the defendant, MATTHEW KEYS, together with at least one other person, did conspire to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, causing loss to a person during a 1-year period aggregating at least $5,000 in value, in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B), all in violation of Title 18, United States

Code, Section 371.

### III. OBJECTS

3. The conspiracy had the following objects, among others: to make unauthorized changes to web sites that Tribune Company used to communicate news features to the public; and to damage computer systems used by Tribune Company.

### IV. MANNER AND MEANS OF THE CONSPIRACY

The conspiracy used several means to accomplish the objects of the conspiracy, including the following:

4. Participants identified Tribune Company, Fox 40, and The Los Angeles Times as targets for online intrusion and web vandalism;

5. It was part of the conspiracy to share at least one username and password combination that could be used to log in and make changes to Tribune Company's CMS;

6. It was part of the conspiracy to obtain control of at least one additional username and password combination that could be used to log in and make changes to Tribune Company's CMS;

7. It was part of the conspiracy to log in without authorization to Tribune Company's CMS for the purpose of learning how to alter and damage it; and

8. It was part of the conspiracy to alter the online version of a news feature published on the web site of the Los Angeles Times.

### V. OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, at least one member of the conspiracy committed and caused to be committed various overt acts within the Eastern District of California and elsewhere, including, but not limited to, the following:

9. On or about December 8, 2010, individuals identifying themselves as members of Anonymous had a conversation in an IRC channel known as #internetfeds in which one conspirator expressed a desire to gain unauthorized access to computer systems of Fox, a media outlet.

10. Defendant MATTHEW KEYS, using the nickname AESCracked, responded that "it takes a while to grant one username permission to every site. I'm doing that now." Thereafter, KEYS was invited to join the IRC channel #internetfeds.

SUPERSEDING INDICTMENT 3

1  11. Defendant MATTHEW KEYS then told the unidentified individuals that he was a former employee, proceeded to give them a username and password, and told them to "go fuck some shit up."

12. Between on or about December 8, 2010 and on or about December 14, 2010, at least one member of the conspiracy used username anon1234 and corresponding password to reconnoiter the Tribune Company CMS to ascertain how it worked and how best to accomplish the objectives of the conspiracy.

13. On or about December 11, 2010, a member of the conspiracy began using the username ngarcia on the Tribune Company CMS.

14. On or about December 14 and 15, 2010, a member of the conspiracy used the username ngarcia to alter content in a Los Angeles Times news story published on the Tribune Company CMS to read as follows:

> Pressure builds in House to elect CHIPPY 1337.
>
> House Democratic leader Steny Hoyer sees 'very good things' in the deal cut which will see uber skid Chippy 1337 take his rightful place, as head of the Senate, reluctant House Democrats told to SUCK IT UP.
>
> By CHIPPYS NO1 FAN

15. On or about December 15, 2010, defendant MATTHEW KEYS, who was using the online nickname "AESCracked," engaged in the following conversation and did the things reflected in the conversation:

```
sharpie:      http://[WEB ADDRESS REDACTED]
sharpie:      I taught myself the dystem using ngarcia
sharpie:      *system
AESCracked:   LOL
sharpie:      and had a whole front page layout made for the chicago tribune
AESCracked:   Is it live?
sharpie:      but dam there sysadmins were good
sharpie:      nah they killed me
sharpie:      that was up for ½ hr
AESCracked:   Screenshot?
sharpie:      no
AESCracked:   sucks
sharpie:      the I menat the LA Times was up for ½ hr
AESCracked:   I can grant you access again
sharpie:      that would be great
sharpie:      I know ho to use it now
AESCracked:   Standby
AESCracked:   Have to VPN to cover my tracks.
AESCracked:   Oh I already am, nvm
```

| | | |
|---|---|---|
| | sharpie: | and I see that you can do a bunch of different layouts on different papers |
| | AESCracked: | damn they cut off my account |
| | sharpie: | and have them all go live at the same time |
| | AESCracked: | hang on. |
| | AESCracked: | Nope, I'm locked out for good. |
| | sharpie: | fuck |
| | AESCracked: | :( |
| | sharpie: | yeah |
| | AESCracked: | Let me see if I can find some other users/pass I created while there. |
| | sharpie: | all those other accounts were dead in minutes and they found ngarcia damn quick |
| | sharpie: | I got to give props to the stsadmins |
| | sharpie: | *sysadmins |
| | AESCracked: | LOL. |
| | sharpie: | anyjoy? |
| | AESCracked: | Not yet |
| | sharpie: | kay bro |
| | AESCracked: | Will check a little later for sure |
| | sharpie: | afk 5 mins anyway |
| | sharpie: | cool |
| | sharpie: | :O |
| | AESCracked: | I have a hard drive full of Tribune crap, but it's in another location. |
| | sharpie: | thanks |
| | AESCracked: | Sure thing |
| | sharpie: | that was such a buzz having my edit |
| | sharpie: | on the LA Times |
| | AESCracked: | Nice |
| | sharpie: | I could have done so much more if I'd known thr interface at the start |
| | sharpie: | it's both easy and complicated |

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWO:</u>  [18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B) – Transmission of Malicious Code]

The Grand Jury further charges:

MATTHEW KEYS,

defendant herein, as follows:

1.      The allegations set forth in Paragraphs 1 and 3 through 15 of Count 1 are realleged as if fully set forth herein.

2.      Between on or about October 28, 2010, and on or about January 5, 2011, in the State and Eastern District of California and elsewhere, the defendant, MATTHEW KEYS, did knowingly transmit a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, and the offense caused loss to a person during a 1-year period from the defendant's course of conduct affecting a protected computer aggregating at least

$5,000 in value, in that the Tribute Company spent over $5,000 responding to the attack, conducting a damage assessment, and restoring the system to its prior condition, in violation of Title 18, United States Code, Sections 2 and 1030(a)(5)(A) and (c)(4)(B).

COUNT THREE: [18 U.S.C. § 1030(a)(5)(A) and 1030(b) – Attempted Transmission of Malicious Code]

The Grand Jury further charges:

MATTHEW KEYS,

defendant herein, as follows:

1. The allegations set forth in Paragraphs 1 and 3 through 15 of Count 1 are realleged as if fully set forth herein.

2. On or about December 15, 2010, in the State and Eastern District of California and elsewhere, the defendant, MATTHEW KEYS, did knowingly attempt to cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally to cause damage without authorization to a protected computer, which conduct would, if completed, have caused loss to a person during a 1-year period aggregating at least $5,000 in value, in violation of Title 18, United States Code, Sections 2 and 1030(a)(5)(A) and 1030(b).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 982(a)(2)(B) and 1030(i)(1) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Three of this Superseding Indictment, defendant MATTHEW KEYS shall forfeit to the United States, pursuant to Title 18 United States Code Sections 982(a)(2)(B) and 1030(i)(1), all personal property used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations, including but not limited to:

    a. One MacBook Pro, serial number W88091MYJY; and

    b. One Toshiba hard drive, serial number X83GF1CHSEM8.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Three of this Superseding Indictment:

    a. cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§ 982(b)(1) and 1030(i)(2), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

*Benjamin Wagner*
BENJAMIN B. WAGNER
United States Attorney

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

MATTHEW KEYS

## S U P E R S E D I N G   I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 371 – Conspiracy to Cause Damage to a Protected Computer; 18 U.S.C. § 1030(a)(5)(A) AND (c)(4)(B) – Transmission of Malicious Code; 18 U.S.C. § 1030(a)(5)(a) AND 1030(b) – Attempted Transmission of Malicious Code; 18 U.S.C. §§ 982(a)(2)(B) AND 1030(i)(1) – Criminal Forfeiture

*A true* bill,

/s/ Signature on file w/AUSA

*Foreman.*

*Filed in open court this* ___4___ *day of* ___December___, A.D. 20_14_

*Clerk.*

**NO PROCESS NECESSARY**

Bail, $ _____

Carolyn K. Delaney
U.S. Magistrate Judge

GPO 863 525

AO 190 (Rev. 6/13)

## United States v. Matthew Keys
## Penalties for Superseding Indictment

**Defendant**
Matthew Keys

### COUNT 1:

VIOLATION:      18 U.S.C. § 371 – Conspiracy to Cause Damage to a Protected Computer

PENALTIES:      A maximum of 5 years imprisonment; or
Fine of up to $250,000; or both fine and imprisonment
3 years of Term of Supervised Release

### COUNT 2:

VIOLATION:      18 U.S.C. § 1030(a)(5)(A) – Transmission of Malicious Code

PENALTIES:      A maximum of 10 years imprisonment; or
Fine of up to $250,000; or both fine and imprisonment
3 years of Term of Supervised Release

### COUNT 3:

VIOLATION:      18 U.S.C. § 1030(a)(5)(A) and 1030(b) – Attempted Transmission of Malicious Code

PENALTIES:      A maximum of 10 years imprisonment; or
Fine of up to $250,000; or both fine and imprisonment
3 years of Term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION:      18 U.S.C. 982(a)(2)(B) and 1030(i)(l) – Criminal Forfeiture

PENALTY:        As stated in the charging document