Tor Ekeland, Pro Hac Vice
tor@torekeland.com
Tor Ekeland, P.C.
195 Plymouth Street, 5th Floor
Brooklyn, NY 11201
Tel:  718-737-7264
Fax: 718-504-5147
www.torekeland.com


Jason S. Leiderman, SBN 203336
jay@criminal-lawyer.me
Law Office of Jay Leiderman
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel:  805-654-0200
Fax: 805-654-0280

*Pro Bono Attorneys for Defendant
Matthew Keys*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br><br>MATTHEW KEYS,<br><br>    Defendant. | 2:13-CR-00082-KJM |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO QUASH THE GOVERNMENT'S SUBPOENA TO GOOGLE, INC.**

**TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................................. 1

**LEGAL STANDARD** ............................................................................................................ 1

**ARGUMENT**.......................................................................................................................... 3

   I.    The Subpoena Fails To Satisfy Fed. R. Crim. P. 17's Particularity And Relevancy Requirements ...................................................................................................................... 3

   II.   The Subpoena Should Be Quashed Because Its Requests Are Not Authorized Under The Stored Communications Act ............................................................................................... 4

**CONCLUSION** ...................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006) ............................................................ 3

*Insituform Tech., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630 (N.D. Ill. 1996) .......................... 3

*Moon v. S.C.P. Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005) ........................................................ 3

*Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186 (1946) ................................................. 3

*U.S. v. Jones*, 132 S.Ct. 945 (2012) ................................................................................................ 4

*U.S. v. Morris*, 287 F.3d 985 (10th Cir. 2002) ................................................................................ 3

*U.S. v. Nixon*, 418 US 683 (1974) ............................................................................................. 1, 3

*U.S. v. Warshak*, 631 F.3d 266 (6th Cir. 2010) ............................................................................... 4

*W.E. Green v. Baca*, 219 F.R.D. 485 (C.D. Cal. 2003) .................................................................. 3

**Statutes**

18 U.S.C. § 2510 ......................................................................................................................... 1, 2

18 U.S.C. § 2701 ............................................................................................................................. 1

18 U.S.C. § 2702 ............................................................................................................................. 2

18 U.S.C. § 2703 ......................................................................................................................... 2, 4

18 U.S.C. § 2704 ............................................................................................................................. 5

.

# INTRODUCTION

Defendant Matthew Keys, through his pro bono counsel, moves for an order under Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 17(c)(2), quashing, or in the alternative modifying, the subpoena served on Google, Inc. ("Google") in the above-referenced matter. The subpoena should be quashed because it is unsupported by any allegation of relevance and does not provide specifics of the information sought by the subpoena. The subpoena also seeks information that is not authorized for disclosure by, and which would constitute "content" under, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 et seq. and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq.

Mr. Keys does not consent to this disclosure, and objects to the subpoena on the grounds that it is invalid under Fed. R. Crim. P. 17(c)(2) and requests impermissible information under the SCA.

# LEGAL STANDARD

A subpoena should be quashed where the moving party does not show that the documents or information requested is "evidentiary and relevant; ... that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and ... that the application is made in good faith and is not intended as a general 'fishing expedition.'" *See United States v. Nixon*, 418 US 683, 699-700 (1974).

The SCA allows an electronic service provider to disclose, in relevant part, "a record or other information pertaining to a subscriber to or  customer of such service (not including the

contents of communications) ...(1) as ... authorized in section 2703; (2) with the lawful consent of the customer or subscriber; ... (4) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of information relating to the emergency ….” 18 U.S.C. § 2702(c).

Upon service of an administrative subpoena or trial subpoena, the SCA requires an electronic communication service provider to disclose to a government entity the account's: (A) name; (B) address; (C) local and long distance telephone connection records or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber identity information, including any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number). 18 U.S.C. § 2703(c)(2). Additional information must be disclosed only upon issuance of a valid warrant or upon a court order by a court of competent jurisdiction if the government offers specific and articulable facts showing that the information sought is “relevant and material to an ongoing criminal investigation.” 18 U.S.C. §§ 2703(a) & 2703(d).

Content of records of stored communications older than one hundred and eighty days shall only be disclosed with a valid warrant or court order. 18 U.S.C. § 2703(a) & (b). The ECPA provides an inclusive definition of “content,” which “includes any information concerning the substance, purport, or meaning of that communication.” 18 U.S.C. § 2510(8).

# ARGUMENT

## I. THE SUBPOENA FAILS TO SATISFY FED. R. CRIM. P. 17'S PARTICULARITY AND RELEVANCY REQUIREMENTS

Here, the subpoena's one-page attachment ("Attachment," attached hereto as Ex. B.) contains no statement of any sort that suggests the requested information is evidentiary or relevant to the case. *See U.S. v. Nixon*, 418 US 683, 699-700 (1974). It also contains no language which tailors or limits the information requested. Such a limitlessly broad "fishing expedition" request is improper for a criminal subpoena under F. R. Crim. P. 17(c). *See U.S. v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).

Even where relevance is demonstrated, which it has not been here, the request must not be unreasonably indefinite or broad. *See Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 209 (1946). The only limitation in the Attachment's requests is a roughly 5-month time period, insufficient to save the requests from over breadth. The blanket requests ask for a wide range of data, including content of communications, without any limit drawn to assure that the disclosure is relevant and specific to the referenced case. Overbroad subpoenas seeking irrelevant information should be quashed or modified. *See Moon v. S.C.P. Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005); *W.E. Green v. Baca*, 219 F.R.D. 485, 490 (C.D. Cal. 2003) (surveying cases where subpoena scope has been limited to avoid requests which are "vague, ambiguous, or overbroad").

To the extent the information requested would require Google to create searches or documents which do not exist, the subpoena would also create an undue burden. Generally, non-parties are not required to create new documents for the purposes of discovery. *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006) (citing *Insituform Tech., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996)).

## II. THE SUBPOENA SHOULD BE QUASHED BECAUSE ITS REQUESTS ARE NOT AUTHORIZED UNDER THE STORED COMMUNICATIONS ACT

The Attachment requests records well beyond the scope of required or permissive disclosure under the SCA. The Attachment's requests reach into the content of message data and other electronically stored information related to the account by requesting all "Names …, Addresses …, Telephone or instrument numbers …, Other subscriber names and identities …, Means and source of payment for such service" and a swath of other information "associated with" the specified email account. (*See* Ex. B.) The Attachment's requests, by their plain terms and lacking any instruction not to disclose communications content, would reach into communications content and overstep the disclosures authorized by 18 U.S.C. § 2703(c)(2)(A-F). The statute requires disclosure of the subscriber's information, not all information, "associated with" the account.

It is a violation of the user's Fourth Amendment rights to require disclosure of communications content without a warrant. *See U.S. v. Warshak*, 631 F.3d 266, 282-88 (6th Cir. 2010) ("the government cannot compel a commercial ISP to turn over the contents of an email without triggering the Fourth Amendment"). This is true even where the information relates to public activity, such as location data or data which would reveal location history. *See U.S. v. Jones*, 132 S.Ct. 945, 949 (2012). To the extent these requests would reach into communications content the subpoena should be quashed or its requests modified to exclude any requests that would reach into content.

Even if this broad phrasing is modified to limit the request to information about the account itself, the requests remain overly broad and the subpoena should be quashed. The disclosures under 18 U.S.C. § 2703(c)(2) authorize a singular name, singular address, telephone connection records,

1  length of service and types of service utilized, the telephone or instrument number or similar
2  identifying information (e.g. an IP address), and the means and source of payment for such service.
3  The request includes information far beyond this limited scope, including "ESN …, MEIN …,
4  SIM …, IMSI …, IMEI" numbers, and screen names and user names. Disclosure of these details
5  is not authorized by the SCA, and the subpoena should be quashed or modified accordingly.

6  Mr. Keys has proper standing to challenge disclosure under the SCA. The SCA permits
7  users to challenge demands for their own account records. 18 U.S.C. 2704(b); *see also Doe v.*
8  *S.E.C.*, No. 3:11-MC-80184 CRB (NJV), 2011 WL 4593181, at *2 (N.D. Cal. Oct 4, 2011). Under
9  Google's Terms of Service, a user retains ownership of all intellectual property in their account.[1]
10 As Mr. Keys is an account owner, he has standing to move to quash this subpoena.

## CONCLUSION

12 For the above stated reasons, Matthew Keys respectfully requests that the Court quash this
13 subpoena and direct the United States to request a search warrant for the desired records, or in the
14 alternative to modify and resubmit the subpoena to conform with the requirements of Fed. R. Crim.
15 P. 17(c) and the limits and scope of the SCA, and for such other relief as may be just.

---

1  *See* Google Terms of Service at http://www.google.com/intl/en/policies/terms/ (last updated April 14, 2014) ("Some of our Services allow you to upload, submit, store, send or receive content. You retain ownership of any intellectual property rights that you hold in that content. In short, what belongs to you stays yours.")

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:    September 1, 2015 | Respectfully submitted, |
| 3 | | /s/ Tor Ekeland |
| 4 | | Tor Ekeland<br>Tor Ekeland, P.C. |
| 5 | | 195 Plymouth Street, 5th Floor<br>Brooklyn, NY 11201 |
| 6 | | tor@torekeland.com<br>Tel: 718-737-7264<br>Fax: 718-504-5147<br>www.torekeland.com |