Tor Ekeland, Pro Hac Vice
tor@torekeland.com
Tor Ekeland, P.C.
195 Plymouth Street, 5th Floor
Brooklyn, NY 11201
Tel:  718-737-7264
Fax: 718-504-5147
www.torekeland.com

Jason S. Leiderman, SBN 203336
jay@criminal-lawyer.me
Law Office of Jay Leiderman
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel:  805-654-0200
Fax: 805-654-0280

*Pro Bono Attorneys for Defendant*
*Matthew Keys*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

X—————————————————X

**UNITED STATES OF AMERICA,**
                              **Plaintiff,**

          **v.**

**MATTHEW KEYS,**
                              **Defendant.**

X—————————————————X

**2:13-CR-00082-KJM**

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTIONS IN LIMINE**

Date:          September 25, 2015
Time:          9:00am
Court:         Hon. Kimberly J. Mueller

1

# TABLE OF CONTENTS

2
3
TABLE OF AUTHORITES ......................................................................................... iii

INTRODUCTION ..................................................................................................... 1

1.      Objection to Government Motion in Limine #1: the Government's Proof of Loss Is Irrelevant, Misleading, and Inadmissible ...................................................................... 1

2.      Objection to Government Motion in Limine #2: The Summary Evidence Should Be Excluded Or Limited ................................................................................................. 3

3.      Objection to Government Motion in Limine #3: Evidence of Other CFAA Prosecutions Must Not Be Excluded *En Masse* ................................................................................. 5

4.      Objection to Government Motion in Limine #4: A Ruling on the Completeness of Excerpts Is Premature .............................................................................................. 6

CONCLUSION........................................................................................................... 6

4
5
6
7
8
9
10
11
12
13
14
15

ii      Defendant's Opposition to The Government's Motions in Limine

# TABLE OF AUTHORITES

**Cases**

*Creative Computing v. Getloaded.com LLC*, 386 F.3d 930 (9th Cir. 2004)................................... 2

*Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887 (N.D. Cal. 2010) ..................................... 2

*United States v. Abbas*, 504 F.2d 123 (9th Cir. 1974) ................................................................... 4

*United States v. Bradshaw*, 690 F.2d 704 (9th Cir. 1982) ............................................................ 4

*United States v. Castro-Cabrera*, 543 F. Supp. 2d 1156 (C.D. Cal. 2006) ................................... 6

*United States v. Collicott*, 92 F.3d 973 (9th Cir. 1996) ................................................................ 6

United States v. Johnson, 594 F.2d 1253 (9th Cir. 1979), cert. denied, 444 U.S. 964 (1979) ....... 3

*United States v. Lemire*, 720 F.2d 1327 (D.C. Cir. 1983) .............................................................. 4

*United States v. Meyers*, 847 F.2d 1408 (9th Cir. 1988) ............................................................... 3

*United States v. Middleton*, 231 F.3d 1207 (9th Cir. 2000)...................................................... 1, 2

*United States v. Soliman*, 813 F.2d 277 (9th Cir. 1987) ............................................................... 4

*United States v. Wood*, 943 F.2d 1048 (9th Cir. 1991) ................................................................. 5

**Statutes**

18 U.S.C. § 1030......................................................................................................................... 1, 2, 5

**Rules**

Fed. R. Evid. 803 ............................................................................................................................ 2

# INTRODUCTION

The Defendant responds to the Government's Motions in Limine as follows:

## 1. OBJECTION TO GOVERNMENT MOTION IN LIMINE #1: THE GOVERNMENT'S PROOF OF LOSS IS IRRELEVANT, MISLEADING, AND INADMISSIBLE

In the Government's first Motion in Limine, the Government seeks to introduce loss in the form of testimony regarding hours spent by salaried employees responding to the alleged CFAA violations. The Government refers to this method of estimating loss as "conventional," citing *United States v. Middleton*, 231 F.3d 1207, 1214 (9th Cir. 2000). However, in *Middleton* the Government introduced an expert to substantiate that the "time spent by the employees was reasonable." See *id*. Without an expert, any lay recitation of hours spent will be misleading and highly prejudicial to the Defendant. A mere recitation of hours spent does not prove whether: (a) it was reasonable for highly compensated and non-technical executives to dedicate significant time to tracking down a suspected 18 U.S.C. § 1030 ("CFAA") violation, (b) whether the means and methods of remediating a CFAA violation constituted a reasonable or efficient use of time and resources, (c) whether less costly alternatives were readily available. Without the introduction of an expert, the Government or a third party witness could greatly inflate CFAA loss. This is especially so where, as here, the third party witness providing the loss estimate was a manager at an affected company. The previous Defense Motions in Limine (ECF #69), reveals that 96 percent of the Government's loss figures are categorically impermissible to substantiate CFAA damage or loss, and demonstrates the temptation and ease of inflating CFAA loss claims.

Further, courts only allow salaried employees to include time spent restoring integrity to a compromised system or remediating damage to a system. *See Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010); *See also Middleton* at 1214. The Government argues that the proper inquiry for a determination of loss is the "aggregate damage Keys caused" during the period of intrusion, citing *Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 935 (9th Cir. 2004). However, *Creative Computing* requires that the aggregate loss relate to an "impairment" to a protected system. *See Creative Computing*, 386 F.3d at 936 (The CFAA requires "that the impairment causes the $5,000 aggregate loss in a year."). Thus, not all harm or expense allegedly caused by Keys or any alleged co-conspirator is admissible. The "Cancerman" emails, and any time spent addressing the misuse of the email list allegedly taken from the Tribune's system, should not be included as the sending of the emails could not on its own impair any system. The Government alleged no damage under CFAA § 1030(a)(5)(A) that was caused by the sending of the "Cancerman" emails, thus responding to those emails was not an act of restoring integrity or mitigating damage to any system. At a minimum, if the "Cancerman" emails are allowed in, the substance of those emails should be redacted as they are irrelevant to any material issue.

Lastly, the document entitled "Valuation on time/disruption of business" cannot be read into evidence as it is impermissible hearsay not subject to any exception. The document cannot come in under Fed. R. Evid. 803(5) (recorded recollection). Fed. R. Evid. 803(5) requires that the record: (1) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (2) was made or adopted by the witness when the matter was fresh in the witness's memory; and (3) accurately reflects the witness's knowledge. The loss document was not made or adopted by Mr. DelCore when the matter was fresh in his memory. Rather it

2    Defendant's Opposition to The Government's Motions in Limine

1   appears the document was first compiled on or around January 7th, 2015, several years after the

2   alleged CFAA violations. *See* Exhibit A.

3   ## 2.  OBJECTION TO GOVERNMENT MOTION IN LIMINE #2: THE SUMMARY

4   ## EVIDENCE SHOULD BE EXCLUDED OR LIMITED

5

6          In its second Motion in Limine, the Government seeks to introduce a slideshow (ECF

7   #67-1, the "Slideshow"). Admitting this summary evidence is premature. The Slideshow

8   incorporates inadmissible evidence, and is overly prejudicial and argumentative in its design and

9   presentation. The slideshow should be excluded, or, in the alternative, portions of it should be

10  excluded or edited to remove these issues.

11         Any summary document must be based on admissible underlying materials. The

12  proponent of a summary of voluminous writings must establish that the underlying materials are

13  admissible in evidence. *See United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988);

14  *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979), *cert. denied*, 444 U.S. 964

15  (1979). The Slideshow, however, draws from inadmissible documents. Its slides include chat

16  logs that cannot be authenticated because their creator is deceased, and summary documents of

17  third-party business loss that are inadmissible on several grounds (*see* above; Defendant's

18  Memorandum in Support of His Motions in Limine pp. 4-8, ECF #69-1). It would be

19  inappropriate to admit this slideshow into evidence until the Government has met its burden of

20  showing foundation, authenticity, and admissibility of the underlying evidence. If this burden is

21  not met, the unsupported portion of the slideshow should be excluded. Inadmissible underlying

22  evidence may not form the basis of a summary. Here, the Government cannot prove that

23  admissibility in several sections, and the summary should be stuck or limited to only portray

24  admissible evidence.

Further, the slideshow is not limited to facts and figures that will allow a jury to better understand voluminous technical evidence. It includes multiple conclusory and argumentative captions which should be excluded. It also includes summaries and excerpts that are irrelevant and unrelated to the December 2010 L.A. Times article editing at issue in this case, and irrelevant to the Indictment.

If the Slideshow is admitted in whole or in part, a limiting instruction should be provided to the jury to mitigate the danger of "trial by charts." The Court must insure that an accused is not unjustly convicted by cumulative, prejudicial, or misleading charts or summaries, and charts should be as confined as possible to summarizing facts and figures without including conclusory or argumentative captions. *United States v. Abbas*, 504 F.2d 123, 124-25 (9th Cir. 1974). Even with such instructions, a summary may be considered too conclusory, or as emphasizing too much certain portions of the Government's case, or as presenting incompetent facts. *United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983) (quoting *United States v. Scales*, 594 F.2d 558, 564 (6th Cir. 1979)).

Additionally, to the extent a summary document shows evidence of "other crimes" or bad acts, it should be excluded or a limiting instruction should be given to the jury. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987); *United States v. Bradshaw*, 690 F.2d 704, 709 (9th Cir. 1982).

Moreover, it must be determined that this is in fact a summary of voluminous evidence, and not a mere pedagogical device used to summarize a witness's testimony or other evidence. The Government offers no proof that this is not a mere pedagogical device. Where the chart or exhibit merely bolsters, summarizes, or repeats testimony or documents admitted into evidence elsewhere, it is a mere pedagogical device and should not be admitted into evidence or otherwise

used by the jury. *United States v. Wood*, 943 F.2d 1048, 1053-54 (9th Cir. 1991). To be admissible, the document must in fact be a summary of authentic, admissible documents too voluminous to present individually. The Slideshow appears to repeat and bolster testimony from an investigating agent or technical documents which the Government may introduce. It is premature to admit this Slideshow if it may be an inadmissible pedagogical summary.

To the extent the Slideshow draws conclusions and overly prejudicial inferences, draws from inadmissible evidence, or is used merely to bolster or repeat other testimony or items in evidence, it should be struck or, in the alternative, limited or edited to remove the improper argument and overly prejudicial sections.

### 3. OBJECTION TO GOVERNMENT MOTION IN LIMINE #3: EVIDENCE OF OTHER CFAA PROSECUTIONS MUST NOT BE EXCLUDED *EN MASSE*

In its third Motion in Limine, the Government contends evidence related to other "hacker prosecutions" could only be used to impeach a witness or to argue for selective prosecution. This is incorrect. Even assuming the Government only intended to preclude evidence of its overzealous prosecution of members of the internet activist group Anonymous, there are many other reasons why the Defense may seek to introduce such evidence.

Discussion of other CFAA cases may be relevant to the factual basis for the Government's claims, the environment and culture in which these claims took place, or for distinguishing the CFAA's "unauthorized access" terminology from harmless computer mischief or access that was merely unanticipated by a host or service provider. It may also be necessary for certain evidentiary or factual points. For example, discussing the "Paypal 14" prosecution may be required to address the admissibility, weight, and credibility to be given to the logs seized from Dennis Owen Collins, which the Government is seeking to introduce. There are

1  myriad other potential reasons for discussing other CFAA cases, but an exhaustive list is

2  unnecessary. It would be improper to prematurely prevent the Defense from discussing these

3  cases out of a singular concern about an improper selective prosecution argument. The

4  Government's third motion in limine should be denied.

## 4.  OBJECTION TO GOVERNMENT MOTION IN LIMINE #4: A RULING ON THE COMPLETENESS OF EXCERPTS IS PREMATURE

8  In its fourth Motion in Limine, the Government asks the Court to conclusively rule that

9  the highlighted excerpted statements are not misleading or taken out of context. However, at this

10  preliminary stage it is impossible for any to know in what context the government plans to use

11  the statements, what order they plan to present them, or how they plan to combine the

12  highlighted statements. Depending on their use, the highlighted phrases may create a misleading,

13  incomplete impression of the transcript, requiring the Defense to move for the inclusion of

14  additional text. This can be better determined if and when they are used at trial. *United States v.*

15  *Castro-Cabrera*, 543 F. Supp. 2d 1156, 1161 n. 6 (C.D. Cal. 2006) ("the Rule of Completeness

16  … does not allow the Government to offer abridged portions of statements that distort the

17  meaning of a statement"); *see also United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).

18  The Court should reserve a ruling on the completeness of any excerpt until the trial, when its use,

19  intention, and potential distortion of the partial statements can be determined.

## CONCLUSION

22  For the above stated reasons, the Government's Motions in Limine #1, #2, #3, and #4

23  should be denied, and the Court should order such other relief as may be just.

6   Defendant's Opposition to The Government's Motions in Limine

DATED:          September 16, 2015          Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
Tor Ekeland, P.C.
195 Plymouth Street, 5th Floor
Brooklyn, NY 11201
tor@torekeland.com
Tel: 718-737-7264
Fax: 718-504-5147
www.torekeland.com