Tor Ekeland, Pro Hac Vice
tor@torekeland.com
Tor Ekeland, P.C.
195 Plymouth Street, 5th Floor
Brooklyn, NY 11201
Tel: 718-737-7264
Fax: 718-504-5147

Jason S. Leiderman, SBN 203336
jay@criminal-lawyer.me
Law Office of Jay Leiderman
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280

*Pro Bono Attorneys for Defendant*
*Matthew Keys*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

X————————————X

**UNITED STATES OF AMERICA,**
          **Plaintiff,**

      **v.**

**MATTHEW KEYS,**
          **Defendant.**

**2:13-CR-00082-KJM**

**DEFENDANT'S PROPOSED
JURY INSTRUCTIONS**

X————————————X

1    Defendant Matthew Keys, through his pro bono counsel, requests the Court consider the

2    following instructions to the jurors. Other than as describe below, the Defense adopts the Ninth

3    Circuit's Model Criminal Jury Instructions[1], and objects to the Prosecution's proposed

4    instructions to the extent they deviate from the Model Instructions.

5    1.    For Counts One, Two, and Three: 18 U.S.C. § 1030(a)(5)(A) and 1030(b):

6         a.    "Damage" means "any impairment to the integrity or availability of data, a

7              program, a system, or information."[2] If the data was still available to the alleged

8              victim, either because it was backed up or was elsewhere, there is not "damage"

9              under the CFAA.[3]

10        a.    "Loss" in this context means "any reasonable cost to any victim, including the

11             cost of responding to an offense, conducting a damage assessment, and restoring

12             the data, program, system, or information to its condition prior to the offense, and

13             any revenue lost, cost incurred, or other consequential damages incurred because

14             of interruption of service."[4] Costs unrelated to computer impairment or computer

---

[1]    *See* Ninth Circuit Manual of Model Criminal Jury Instructions, last updated June 2015,
available at: http://www3.ce9.uscourts.gov/jury-instructions/model-criminal
[2]    18 U.S.C. § 1030(e)(8)
[3]    *Capitol Audio Access, Inc. v. Umemoto*, 980 F. Supp. 2d 1154, 1158 (E.D. Cal. 2013)
(dismissing civil CFAA claim for unauthorized access to a publication, as mere access did not
sufficiently allege impairment to the integrity or availability of data); *Instant Tech., LLC v.
DeFazio*, 40 F. Supp. 3d 989, 1019 (N.D. Ill. 2014) *aff'd,* 793 F.3d 748 (7th Cir. 2015) (holding
there was no CFAA damage where deleted information remained available to the plaintiff in an
email folder and on another computer.)
[4]    18 U.S.C. § 1030(e)(11)

damages, such as subsequent economic losses unrelated to the alleged damage, are not compensable under the CFAA.[5]

b. 18 U.S.C. § 1030(a)(5)(A)'s requires that the Defendant knowingly transmits a program, information, code or command with the specific intent to cause damage to a protected computer. That the defendant "intentionally" causes damage without authorization to a protected computer requires clear intent by the defendant to damage, without proper authorization, computer files or data belonging to another. This means more than mere voluntary engagement; the conduct must have been the person's conscious objective.[6]

c. The "involvement" of an interstate communication in the scheme is an essential element of the offense of accessing a computer without authorization or in excess of authorization. The government must prove that the defendant personally transmitted a communication in interstate commerce in the course of accessing the computer without authorization or exceeding authorized access.[7]

DATED:     September 21, 2015     Respectfully submitted,
                                 /s/ Tor Ekeland
                                 Tor Ekeland
                                 Tor Ekeland, P.C.
                                 195 Plymouth Street, 5th Floor
                                 Brooklyn, NY 11201
                                 tor@torekeland.com
                                 Tel: 718-737-7264
                                 Fax: 718-504-5147

---

[5]     *Farmers Ins. Exch. v. Steele Ins. Agency, Inc*., No. 2:13-CV-00784-MCE, 2013 WL 3872950, at *21-22 (E.D. Cal. July 25, 2013); *New Show Studios LLC v. Needle*, No. 2:14-CV-01250-CAS, 2014 WL 2988271, at *7 (C.D. Cal. June 30, 2014).
[6]     O'Malley, Grenig & Lee, Federal Jury Practice Instructions, p. 225, § 42.06 (5th Ed. 2000); S. Rep. No. 99-432, at 6 (1986), reprinted in 1986 U.S.C.C.A.N 2479, 2484.
[7]     18 U.S.C. § 1030(a)(2)(C).