BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
PAUL A. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

LESLIE R. CALDWELL
Assistant Attorney General
Criminal Division, United States Justice Department
JAMES SILVER
Deputy Chief
Computer Crime and Intellectual Property Section
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>MATTHEW KEYS,<br><br>                              Defendant. | CASE NO.  2:13-CR-0082 KJM<br><br>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS<br><br>DATE: September 28, 2015<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

The United States respectfully requests that the Court include in its standard charge to the jury the following instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit:

| | | |
|---|---|---|
| 1. | 4.1 | Statements by the Defendant |
| 2. | 4.3 | Other Crimes, Wrongs or Acts of Defendant |
| 3. | 4.10 | Government's Use of Surreptitious Recording |
| 4. | 4.14 | Opinion Evidence, Expert Witness |
| 5. | 4.15 | Summaries Not Received in Evidence |

| 6. | 4.16 | Charts and Summaries in Evidence |
| 7. | 8.20 | Conspiracy – Elements |
| 8. | 8.23 | Conspiracy – Knowing of and Association With Other Conspirators |
| 9. | | Conspiracy – Loss |
| 10. | | Loss – Defined |
| 11. | 8.25 | Conspiracy – Liability for Substantive Offense Committed by Co-conspirator (Pinkerton Charge) |
| 12. | 8.100 | Intentional Damage to a Protected Computer (18 U.S.C. § 1030(a)(5)(A)) |
| 13. | | Damage – Defined |
| 14. | | Intentional Damage to a Protected Computer – Loss |
| 15. | 5.3 | Attempt |
| 16. | | Attempt – Loss |
| 17. | 5.1 | Aiding and Abetting |
| 18. | 5.6 | Knowingly - Defined |

ADDITIONAL INSTRUCTIONS DURING TRIAL

The United States requests permission to supplement these instructions depending on the evidence presented during the trial.

Dated:  September 21, 2015

BENJAMIN B. WAGNER
United States Attorney


By:   /s/ MATTHEW D. SEGAL
MATTHEW D. SEGAL
Assistant United States Attorney

INSTRUCTION NO.

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 4.1 (2010)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS          3

INSTRUCTION NO.

      You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

9TH CIR. CRIM. JURY INST. 4.3 (2010) _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
    JUDGE

INSTRUCTION NO.

You have heard testimony that the defendant was recorded without his knowledge during the government's investigation in this case.  Law enforcement officials may make surreptitious recordings and may have others make surreptitious recordings in order to investigate criminal activities.

9TH CIR. CRIM. JURY INST. 4.10 (2010) (modified)
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 4.14 (2010)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9TH CIR. CRIM. JURY INST. 4.15 (2010)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

9TH CIR. CRIM. JURY INST. 4.16 (2010)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                          JUDGE

INSTRUCTION NO.

The defendant is charged in Count One of the indictment with conspiring to commit an offense against the United States, in violation of Section 371 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about December 8, 2010, and ending on or about December 15, 2010, there was an agreement between two or more persons to transmit a program, code, command, or information to a computer, intending to cause damage without authorization;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy performed at least one overt act on or after December 8, 2010 for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy

1  exists.

2        An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy

3  if it was done for the purpose of carrying out the conspiracy. The government is not required to prove

4  that the defendant personally did one of the overt acts.

23  9TH CIR. CRIM. JURY INST. 8.20 (2010)
    Plaintiff's Proposed Jury Instruction No. _____
24  GIVEN _____
    GIVEN AS MODIFIED _____
25  REFUSED _____
    WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

9TH CIR. CRIM. JURY INST. 8.23 (2010)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS                11

INSTRUCTION NO.

     If you find beyond a reasonable doubt that the defendant committed the offense charged in Count 1 of the indictment, you must then decide whether the government has proved beyond a reasonable doubt either that (1) the defendant could reasonably foresee that the conspiracy could cause $5,000 or more in loss or (2) causing $5,000 or more in loss fell within the scope of the defendant's particular agreement with his co-conspirators.

     For Count 1, the Government is not required to prove that any loss was actually caused.

18 U.S.C. § 371, 1030(c)(4)(A)(I), (c)(4)(B); *United States v. Banuelos*, 322 F.3d 700, 702 (9th Cir. 2003); 7th Cir. Fed. Crim. Jury Instr. 1030(e)(11)

Plaintiff's Proposed Jury Instruction No. _____

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

"Loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense. The term also includes any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

7th Circuit Pattern Jury Instruction 18 U.S.C. § 1030(E)(11)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

13

INSTRUCTION NO.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime. Therefore, for each of Counts 2 and 3, you may find the defendant guilty if the government has proved each of the following elements beyond a reasonable doubt for that particular computer crime:

First, "sharpie" committed the crime of transmitting a program, code, command, or information to a computer, intending to cause damage (as alleged in Count 2), or the crime of attempting to transmit a program, code, command, or information to a computer, intending to cause damage (as alleged in Count 3);

Second, "sharpie" was a member of the conspiracy charged in Count 1 of the indictment;

Third, "sharpie" committed the crime of transmitting a program, code, command, or information to a computer, intending to cause damage (as alleged in Count 2), or the crime of attempting to transmit a program, code, command, or information to a computer, intending to cause damage (as alleged in Count 3) in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense in Count 2 and/or Count 3 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

9TH CIR. CRIM. JURY INST. 8.25 (2010)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
  JUDGE

INSTRUCTION NO.

The defendant is charged in Count 2 of the indictment with transmitting a program, code, command, or information to a computer, intending to cause damage, in violation of Section 1030(a)(5) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly caused the transmission of at least one program, code, command, or information to a computer;

Second, as a result of the transmission, the defendant intentionally impaired without authorization the integrity or availability of data, a program, a system, or information; and

Third, the computer was used in or affected interstate or foreign commerce or communication.

9TH CIR. CRIM. JURY INST. 8.100 (Approved December 2012)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1     INSTRUCTION NO.

2         The term "damage" means any impairment to the integrity or availability of data, a program, a

3   system, or information.

4         One way that the integrity of a computer system can be "impaired" is if the computer system is

5   infiltrated and the system administrator has to devote resources to re-securing the computer system.

6

7

8

9

10

11

12

13

14

15

16

17

18   18 U.S.C. § 1030(e)(8); *United States v. Middleton*, 231 F.3d 1207, 1213 (9th Cir. 2000) ("The [Senate]
19   report notes that the interaction between § 1030(a)(5)(A) (the provision that prohibits conduct causing
     damage) and § 1030(e)(8) (the provision that defines damage) will prohibit a hacker from stealing
20   passwords from an existing log-on program, when this conduct requires 'all system users to change their
     passwords, and requires the system administrator to devote resources to resecuring the system. ... If the
21   loss to the victim meets the required monetary threshold, the conduct should be criminal, and the victim
22   should be entitled to relief.').

23   Plaintiff's Proposed Jury Instruction No. _____
     GIVEN _____
24   GIVEN AS MODIFIED _____
     REFUSED _____
25   WITHDRAWN _____

26

27                                                  _____
                                                    JUDGE
28

1

INSTRUCTION NO.

2        If you find beyond a reasonable doubt that the defendant committed the offense charged in Count

3   2 of the indictment, you must then decide whether the government has proved beyond a reasonable

4   doubt that the offense caused loss adding up to at least $5,000.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19   18 U.S.C. § 1030(c)(4)(A)(I), (c)(4)(B); 7th Cir. Fed. Crim. Jury Instr. 1030(e)(11); *see also United*
     *States v. Middleton*, 231 F.3d 1207, 1213 (9th Cir. 2000)

20
     Plaintiff's Proposed Jury Instruction No. _____
21   GIVEN _____
     GIVEN AS MODIFIED _____
22   REFUSED _____
     WITHDRAWN _____
23

24                                              _____
25                                              JUDGE

26

27

28

1

2                                    INSTRUCTION NO.

3         The defendant is charged in Count 3 of the indictment with attempting to transmit a program,

4    code, command, or information to a computer, intending to cause damage.  In order for the defendant to

5    be found guilty of that charge, the government must prove each of the following elements beyond a

6    reasonable doubt:

7         First, the defendant intended to transmit a program, code, command, or information to a

8    computer, and cause damage without authorization; and

9         Second, the defendant did something that was a substantial step toward committing the crime.

10        Mere preparation is not a substantial step toward committing the crime.  To constitute a

11   substantial step, a defendant's act or actions must demonstrate that the crime will take place unless

12   interrupted by independent circumstances.

13

14

15

16

17

18

19

20

21

22

23   9TH CIR. CRIM. JURY INST. 5.3 (2010)
     Plaintiff's Proposed Jury Instruction No. _____
24   GIVEN _____
     GIVEN AS MODIFIED _____
25   REFUSED _____
     WITHDRAWN _____

26

27   _____

28                            JUDGE

INSTRUCTION NO.

    If you find beyond a reasonable doubt that the defendant committed the offense charged in Count 3 of the indictment, you must then decide whether the government has proved beyond a reasonable doubt that if that offense had been completed, it would have caused loss adding up to at least $5,000.

18 U.S.C. § 1030(c)(4)(A)(I), (c)(4)(B); 7th Cir. Fed. Crim. Jury Instr. 1030(e)(11); *see also United States v. Middleton*, 231 F.3d 1207, 1213 (9th Cir. 2000)

Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

A defendant may be found guilty of the crime of transmitting a program, code, command, or information to a computer, intending to cause damage, or of the crime of attempting to do so, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of transmission of a program, code, command, or information to a computer, intending to cause damage, or the crime of attempting to do so, was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of transmission of a program, code, command, or information to a computer, intending to cause damage, or the crime of attempting to do so.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

9TH CIR. CRIM. JURY INST. 5.1 (2010)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

20

INSTRUCTION NO.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9TH CIR. CRIM. JURY INST. 5.6 (2010)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE