IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-82 KJM |
|---|---|
| Plaintiff, | |
| v. | VERDICT FORM |
| MATTHEW KEYS, | |
| Defendant. | |

WE, THE JURY, FIND THE DEFENDANT, MATTHEW KEYS, AS FOLLOWS:

AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT:

<u>GUILTY</u>          <u>NOT GUILTY</u>

_____       _____      Conspiracy to transmit a program, code, command, or information to a computer, intending to cause damage, beginning on or about December 8, 2010, and ending on or about December 15, 2010

If you found the defendant guilty of Count 1, do you find beyond a reasonable doubt either that (1) the defendant could reasonably foresee that the conspiracy could cause loss adding up to $5,000 or (2) causing loss adding up to $5,000 fell within the scope of the defendant's particular agreement with his co-conspirators?

_____                                        _____
Yes                                                               No

//

//

VERDICT FORM                                                      1

AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT:

<u>GUILTY</u>     <u>NOT GUILTY</u>

_____     _____     Transmitting a program, code, command, or information to a computer, intending to cause damage between on or about October 28, 2010 and January 5, 2011

If you found the defendant guilty of Count 2, do you find beyond a reasonable doubt that the offense caused loss adding up to at least $5,000?

_____                           _____
    Yes                                       No

AS TO COUNT 3 OF THE SUPERSEDING INDICTMENT:

<u>GUILTY</u>     <u>NOT GUILTY</u>

_____     _____     Attempting to transmit a program, code, command, or information to a computer, intending to cause damage on or about December 15, 2010

If you found the defendant guilty of Count 3, do you find beyond a reasonable doubt that the offense would, if completed, have caused loss adding up to at least $5,000?

_____                           _____
    Yes                                       No


_____                   _____
DATED                                   FOREPERSON