BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

LESLIE R. CALDWELL
Assistant Attorney General
United States Department of Justice, Criminal Division
JAMES SILVER
Deputy Chief for Litigation
Computer Crime and Intellectual Property Section
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-82 KJM |
|---|---|
| Plaintiff, | NOTICE REGARDING DISCOVERY |
| v. | DATE: September 28, 2015 |
| MATTHEW KEYS, | TIME: 8:30 a.m.<br>COURT: Hon. Kimberly J. Mueller |
| Defendants. | |

The Department of Justice encourages its prosecutors are encouraged to make disclosures even beyond the requirements of the law of *Brady*, *Giglio*, *Jencks*, and Rule 16. *See* U.S.A.M. § 9-5.001 - Policy Regarding Disclosure of Exculpatory and Impeachment Information. At the same time, however, an attorney is ethically barred from invading another party's privilege. The purpose of this notice is to apprise Defendant and the Court of how the undersigned resolved a tension between these two principles. This notice is submitted in an abundance of caution, because the courts encourage prosecutors to consult judges on disclosure issues. *See United States v. Agurs*, 427 U.S. 97, 106 (1975); *United States v. Mendoza Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002).

1	Tribune Media is a corporate successor to Tribune Company, the victim in this case. On about
2	December 23, 2014, the Government received some documents via email from in-house counsel for
3	Tribune Media. Those records included emails written by the Government's anticipated trial witnesses
4	related to the events at issue in this case. These emails would almost certainly be considered Jencks
5	material. *See* 18 U.S.C. § 3500. On or about the same day, the undersigned Assistant United States
6	Attorney noticed that Tribune Media in that production had inadvertently disclosed a handful of emails
7	that contained attorney-client communications. Even though the emails might have been impeaching of
8	Government witnesses, as a California lawyer, the undersigned stopped reviewing the documents and
9	notified the sender that there might be privileged records in the production. Tribune Media identified a
10	handful of emails as privileged and the Government and Tribune Media worked out an arrangement for
11	the Government to receive a set that only included non-privileged materials. Those were received on
12	September 3, 2015. That entire set will be disclosed to Defendant prior to trial. It appears substantially
13	duplicative of materials already provided.

14	The Government does not intend to disclose or even review the inadvertently disclosed materials
15	for disclosure, even though they could be electronically retrieved. The emails are not properly available
16	to the Government. "An attorney for the Government shall be subject to State laws and rules, and local
17	Federal court rules, governing attorneys in each State where such attorney engages in that attorney's
18	duties, to the same extent and in the same manner as other attorneys in that State." 28 U.S.C.A. §
19	530B(a). The California Supreme Court holds that inadvertent disclosure does not waive privilege and
20	instructs:

21	> When a lawyer who receives materials that obviously appear to be subject
22	> to an attorney-client privilege or otherwise clearly appear to be
> confidential and privileged and where it is reasonably apparent that the
23	> materials were provided or made available through inadvertence, the
> lawyer receiving such materials should refrain from examining the
24	> materials any more than is essential to ascertain if the materials are
> privileged, and shall immediately notify the sender that he or she
25	> possesses material that appears to be privileged. The parties may then
> proceed to resolve the situation by agreement or may resort to the court
26	> for guidance with the benefit of protective orders and other judicial
> intervention as may be justified. We do, however, hold that whenever a
27	> lawyer ascertains that he or she may have privileged attorney-client
> material that was inadvertently provided by another, that lawyer must
28	> notify the party entitled to the privilege of that fact.

NOTICE RE DISCOVERY                                2

*State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656-57 (1999); *see also Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817 (2007) ("The existing State Fund rule is a fair and reasonable approach [for work product materials].").

Thus, absent an order from the Court, the Government does not intend to do anything further with the emails over which Tribune Media has claimed privilege.

Respectfully submitted,

Dated:  September 24, 2015

BENJAMIN B. WAGNER
United States Attorney

By:  /s/ MATTHEW D. SEGAL
MATTHEW D. SEGAL
Assistant United States Attorney

NOTICE RE DISCOVERY      3