Tor Ekeland, Pro Hac Vice
tor@torekeland.com
Tor Ekeland, P.C.
195 Plymouth Street, 5th Floor
Brooklyn, NY 11201
Tel:  718-737-7264
Fax: 718-504-5147

Jason S. Leiderman, SBN 203336
jay@criminal-lawyer.me
Law Office of Jay Leiderman
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel:  805-654-0200
Fax: 805-654-0280

*Pro Bono Attorneys for Defendant*
*Matthew Keys*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

X————————————————X

**UNITED STATES OF AMERICA,**              **2:13-CR-00082-KJM**
                    **Plaintiff,**

          **v.**

**MATTHEW KEYS,**
                    **Defendant.**

X————————————————X

## DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS
## SUPPLEMENTAL MOTION IN LIMINE

1

## INTRODUCTION

2      Defendant Matthew Keys, through his pro bono counsel, moves to exclude the following

3 evidence it expects the government to introduce at trial: testimony about, or any evidence

4 obtained as a direct or derivative result from, the illegally recorded phone call between Brandon

5 Mercer and Matthew Keys made on Sunday, December 12, 2010.

6

## LEGAL STANDARD

7      California Penal Code ("CPC") §§ 630-638 creates strict prohibitions on recorded

8 communications that take place without all parties' consent, except in very specific

9 circumstances. CPC § 632 prohibits non-consensual recording of private communications via

10 telegraph, telephone, or other device. CPC § 632(d) bars "evidence obtained as a result of

11 eavesdropping upon or recording a confidential communication in violation of this section" from

12 being used in "any judicial, administrative, legislative, or other proceeding." CPC 632.7 extends

13 this prohibition to cellular phones and extends a violation penalty of up to $2,500.00 and up to a

14 year in prison.

15      CPC § 633 creates a limited exception for certain state prosecution and law enforcement

16 actors to "overhear[] or record[] any communication that they could lawfully overhear or

17 record prior to the effective date of this chapter." There is no general exception to the ban on

18 nonconsensual recording for law enforcement, nor any exemption for federal law enforcement or

19 prosecution. Some sections allow electronic eavesdropping for certain types of crimes or

20 emergency situations. *See e.g.* CPC §§ 633.6 (domestic violence), 633.8 (hostage situations and

21 other immediate threats to life).

1

## ARGUMENT

2      On December 12, 2010, at about 6:52pm Pacific Time, Brandon Mercer placed a phone

3  call to Matthew Keys. On information and belief, the call was made after a request by an FBI

4  agent, but no formal instruction, search warrant, or any other authorization was obtained to

5  authorize the recording. Mr. Mercer did not inform Mr. Keys that the call was recorded, and Mr.

6  Keys never gave any consent for the call to be recorded.

7      The CPC's prohibition on non-consensual call recording is not avoided merely because

8  Mr. Mercer recorded based on a federal agent's suggestion. Insofar as he was acting as an agent

9  of federal law enforcement, Mr. Mercer's recording was still in violation of state law. A federal

10  agent lacks the "authority to violate any criminal law." *Olmstead v. United States*, 277 U.S. 438,

11  482, 48 S. Ct. 564, 574, 72 L. Ed. 944 (1928) (J. Brandeis, dissenting). To the extent the CPC §

12  632 prohibition may hinder law enforcement activity, it is well established that "[p]rivacy comes

13  with a cost." *Riley v. California*, 134 S. Ct. 2473, 2493, 189 L. Ed. 2d 430 (2014).

14

## CONCLUSION

15      For the above stated reasons, Matthew Keys respectfully requests that the Court exclude:

16  testimony about, or any evidence obtained as a direct or derivative result from, the illegally

17  recorded phone call between Brandon Mercer and Matthew Keys made on Sunday, December

18  12, 2010.

19

1
2  DATED:        September 24, 2015        Respectfully submitted,

3                                         /s/ Jay Leiderman_____
4                                         jay@criminal-lawyer.me
5                                         Law Office of Jay Leiderman
6                                         5740 Ralston Street, Suite 300
7                                         Ventura, California 93003
8                                         Tel:  805-654-0200
9                                         Fax: 805-654-0280

4      Memorandum in Support of Defendant's Motions in Limine