UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

MATTHEW KEYS,

                Defendant.

No.  2:13-CR-0082 KJM

FINAL JURY INSTRUCTIONS

DATED:  October 6, 2015.

_____
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The Superseding Indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 3

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Superseding Indictment.  The defendant is not on trial for any conduct or offense not charged in the Superseding Indictment.

INSTRUCTION NO. 4

Because of the presumption of innocence, a defendant does not have to prove innocence. The burden of proof is always on the government and never shifts to the defendant.

The burden on the government is to prove every element of the charges beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government proves guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty.  However, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

INSTRUCTION NO. 5

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

# INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits received into evidence; and

    (3) any facts to which the parties have agreed.

INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received into evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their    opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or  instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Charts and summaries shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard the charts and summaries and determine the facts from the underlying evidence.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the witness's opportunity and ability to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.  You are here only to determine whether the defendant is guilty or not guilty of the charges in the Superseding Indictment.  The defendant is not on trial for any conduct or offense not charged in the Superseding Indictment.

INSTRUCTION NO. 11

You have heard testimony that the defendant made statements.  It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

INSTRUCTION NO. 12

Evidence may have been introduced containing statements regarding the law. You must follow the law as I explain it to you. Just because a witness or document in evidence has said something about the law does not mean that it is an accurate statement. To determine what the law is, you may rely only on the jury instructions.

INSTRUCTION NO. 13

You have heard testimony that the defendant was recorded without his knowledge during the government's investigation in this case.  Federal law enforcement officials may make surreptitious recordings and may have others make surreptitious recordings in order to investigate criminal activities.

INSTRUCTION NO. 14

The defendant is charged in Count One of the Superseding Indictment with Conspiracy to Cause Damage to a Protected Computer in violation of 18 U.S.C. § 371, in Count Two with Transmission of Malicious Code, in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B) and Count Three with Attempted Transmission of Malicious Code, in violation of 18 U.S.C. § 1030(a)(5)(A) and 1030(b).

Instructions on the elements that the government must prove with respect to each count follow.

INSTRUCTION NO. 15

The defendant is charged in Count One with the conspiracy to commit an offense against the United States, namely, to cause damage to a protected computer, in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between on or about December 8, 2010, and on or about December 15, 2010, there was an agreement between two or more persons to transmit a program, code, command, or information to a computer, intending to make unauthorized changes to web sites that Tribune Company used to communicate news features to the public, and to damage the computer management systems used by Tribune Company. "Damage" is defined in the next instruction.

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy performed at least one overt act on or after December 8, 2010 for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit an offense against the United States, in any manner or for any purpose as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some

16

object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Instructions No. 16 through 20, which follow, also apply to Count One.

INSTRUCTION NO. 16

The term "damage" means any impairment to the integrity or availability of data, a program, a system, or information.

INSTRUCTION NO. 17

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 18

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1)     the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)     the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3)     the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 19

If you find beyond a reasonable doubt that the defendant committed the offense charged in Count One, you must then decide whether the government has proved beyond a reasonable doubt either that (1) the defendant could reasonably foresee that the conspiracy could cause $5,000 or more in loss to the Tribune Company or (2) causing $5,000 or more in loss to the Tribune Company fell within the scope of the defendant's particular agreement with his co-conspirators.

In determining this question, please reference the definition of "loss" in the next instruction.

For Count One, the government is not required to prove that any loss was actually caused.

INSTRUCTION NO. 20

"Loss" is "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense."

INSTRUCTION NO. 21

The defendant is charged in Count Two specifically with "knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] damage without authorization, to a protected computer[,]" in violation of Section 1030(a)(5) of Title 18 of the United States Code, between on or about October 28, 2010, and on or about January 5, 2011.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the person knowingly caused the transmission of at least one program, code, command, or information to a computer;

Second, as a result of the transmission, the person intentionally damaged a computer; and

Third, the computer was used in or affected interstate or foreign commerce or communication.

Instruction No. 22, which follows, also applies to Count Two.

INSTRUCTION NO. 22

If you find beyond a reasonable doubt that the defendant committed the offense charged in Count Two, you must then decide whether the government has proved beyond a reasonable doubt that the offense caused loss to the Tribune Company adding up to at least $5,000.

"Loss" is defined as previously instructed, in Instruction No. 20.

INSTRUCTION NO. 23

The defendant is charged in Count Three specifically with "knowingly attempt[ing] to cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caus[ing] damage without authorization to a protected computer," in violation of 18 U.S.C. § 1030(a)(5)(A), on or about December 15, 2010.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to transmit a program, code, command, or information to a computer, and cause the damage without authorization; and

Second, the defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

"Damage" is defined as previously instructed, in Instruction No. 16.

INSTRUCTION NO. 24

If you find beyond a reasonable doubt that the defendant committed the offense charged in Count Three of the Superseding Indictment, you must then decide whether the government has proved beyond a reasonable doubt that if that offense had been completed, it would have caused loss adding up to at least $5,000 to the Tribune Company.

"Loss" is defined as previously instructed, in Instruction No. 20.

INSTRUCTION NO. 25

A defendant may be found guilty of the crime charged in counts 2 and 3 even if the defendant personally did not commit the act or acts constituting the crimes but aided and abetted in their commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, each crime charged was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of transmission of a program, code, command, or information to a computer, or intending to cause damage,.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

27

INSTRUCTION NO. 26

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 27

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 28

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.  Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

INSTRUCTION NO. 29

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 30

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 31

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 32

If it becomes necessary during your deliberations to communicate with me, you may send a note through the security officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.