Tor Ekeland (PHV)
Mark Jaffe (PHV)
TOR EKELAND, P.C.
195 Plymouth Street
Brooklyn, NY 11201
Tel: 718-737-7264
Fax: 718-504-5417
tor@torekeland.com
mark@torekeland.com

Jason S. Leiderman, SBN 203336
LAW OFFICES OF JAY LEIDERMAN
5740 Ralston Street, Suite 300
Ventura, California 93003
Tel: 805-654-0200
Fax: 805-654-0280
jay@criminal-lawyer.me

*Pro Bono Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | 2:13-CR-00082 (KJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW KEYS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ ii

**INTRODUCTION** ............................................................................................................... 1

**FACTS** ................................................................................................................................. 1

**ARGUMENT** ....................................................................................................................... 1

**I. THE DISTRICT COURT SHOULD ORDER BAIL PENDING APPEAL WHERE THE DEFENDANT IS NOT A FLIGHT RISK, IS NOT A DANGER TO THE COMMUNITY, AND WHERE THE APPEAL IS NOT FOR THE PURPOSE OF DELAY AND RAISES A SUBSTANTIAL ISSUE ON APPEAL** ............................................................................... 1

**II. THERE ARE SUBSTANTIAL ISSUES ON APPEAL** .............................................. 1

    **A. There Is A Variance Because The Government Proved A Different, Irrelevant Crime At Trial** ............................................................................................................................. 3

    **B. There Was No Damage Because There Was A Backup Of The Data And No Interruption Of Service** ........................................................................................................................ 4

**III. THE SUBSTANTIAL ISSUES PRESENTED SATISFY THE § 3143 FACTORS** ............. 4

    **A. The Variance Will Likely Result in a New Trial or Reversal** ............................... 4

    **B. The Lack of Damage Will Likely Result a New Trial or Reversal** ...................... 5

    **C. The Trial Court Applied An Incorrect CFAA Loss Instruction Which Requires A New Trial Or Reversal** .................................................................................................. 6

    **D. The Evidence Was Insufficient To Establish A Substantial Step Was Taken To Edit The Front Page Of The L.A. Times** ......................................................................................... 6

    **E. The Evidence Does Not Support a Finding of a Single, Overall Conspiracy Required to Convict Under 18 U.S.C. 371** ................................................................................. 7

**IV. MATTHEW IS NEITHER A FLIGHT RISK NOR A THREAT TO THE COMMUNITY** . 7

**CONCLUSION** ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*BHRAC, LLC v. Regency Car Rentals, LLC*, No. CV 15-865-GHK MANX, 2015 WL 3561671 (C.D. Cal. June 4, 2015) ........................................................................................................................ 6

*Cheney v. IPD Analytics, L.L.C.*, No. 08-23188-CIV, 2009 WL 1298405 (S.D. Fla. Apr. 16, 2009) ....... 4

*Dana Ltd. v. Am. Axle & Mfg. Holdings, Inc.*, No. 1:10-CV-450, 2012 WL 2524008 (W.D. Mich. June 29, 2012) .................................................................................................................................... 4

*Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, No. 2:13-CV-00784-MCE, 2013 WL 3872950 (E.D. Cal.' July 25, 2013) ............................................................................................................................ 2, 6

*Grant Mfg. & Alloying, Inc. v. McIlvain*, No. CIV.A. 10-1029, 2011 WL 4467767 (E.D. Pa. Sept. 23, 2011) ............................................................................................................................................. 4

*Hernandez-Cruz v. Holder*, 651 F.3d 1094 (9th Cir. 2011), *as amended* (Aug. 31, 2011) ....................... 7

*Herzog v. United States*, 75 S. Ct. 349 (1955) ............................................................................................ 2

*Instant Tech., LLC v. DeFazio*, 40 F. Supp. 3d 989 (N.D. Ill. 2014) ........................................................... 4

*Jones v. United States*, 529 U.S. 848 (2000) .............................................................................................. 5

*Kotteakos v. United States*, 328 U.S. 750 (1946) ....................................................................................... 7

*Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559 (2d Cir. 2006) ..................................................... 3

*United States v. Adamson*, 291 F.3d 606 (9th Cir. 2002) ........................................................................... 3

*United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985) .................................................................. 1, 2, 8

*United States v. Kaiser*, 660 F.2d 724 (9th Cir.), *cert. denied*, 455 U.S. 956 (1981) ................................. 5

*United States v. Perry*, 550 F.2d 524 (9th Cir.1997) .................................................................................. 7

*United States v. Von Stoll*, 726 F.2d 584 (9th Cir. 1984) ....................................................................... 3, 5

*United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76 (1820) ................................................................... 5

**Statutes**

18 U.S.C. 1030 ............................................................................................................................. 2, 6

**Other Authorities**

2 Fed. Jury Prac. & Instr. (6th ed.) ..................................................................................................... 7

S. REP. 104-35 (1996) ....................................................................................................................... 6

## INTRODUCTION

Defendant Matthew Keys moves this Court for his continued release under the same conditions he has abided by for the last three years pending his appeal. Matthew has shown during this time that he is not a flight risk nor a dangerous threat to the community. His case raises significant questions regarding the proper scope of the Computer Fraud and Abuse Act's (CFAA) damage and loss provisions. These issues led the Court to raise the possibility of a variance because the proof presented to the jury was for a different crime. Because these are substantial appellate issues that could meet any one of the factors listed in 18 U.S.C. 3143(b), this Court should grant his release pending appeal.

## FACTS

On October 7, 2015, Matthew Keys was convicted by a jury in this Court for conspiracy to cause damage to a computer, actually damaging a computer, and attempting to damage a computer – all in violation of the Computer Fraud and Abuse Act (CFAA).

## ARGUMENT

**I.  THE DISTRICT COURT SHOULD ORDER BAIL PENDING APPEAL WHERE THE DEFENDANT IS NOT A FLIGHT RISK, IS NOT A DANGER TO THE COMMUNITY, AND WHERE THE APPEAL IS NOT FOR THE PURPOSE OF DELAY AND RAISES A SUBSTANTIAL ISSUE ON APPEAL**

Mr. Keys should remain released pending his appeal. He is not a flight risk, and dutifully abided by the District Court's terms of release and appeared at Court as required during the three-year period this case has been pending. He poses no danger to the community. His appeal presents multiple substantial issues on appeal, and is not brought for any improper purpose such as delay.

**II.  THERE ARE SUBSTANTIAL ISSUES ON APPEAL**

The 9th Circuit defines a substantial issue as a "fairly debatable question that calls into question the validity of the judgment." *United States v. Handy*, 761 F.2d 1279, 1282-83 (9th Cir. 1985).

"Substantial" defines the "level of merit required" and the type of question must be one that is "likely to result in reversal or an order for a new trial." *Id*. At 1281. This requires a reasonable basis for appeal, not necessarily a likelihood of success on the issues. *See id*. (quoting *D'Aquino v. United States*, 180 F.2d 271, 272 (11th Cir. 1950). The relevant question is whether there is a "school of thought, a philosophical view, a technical argument, an analogy, an appeal to precedent or to reason commanding respect that might possibly prevail." *Herzog v. United States*, 75 S. Ct. 349, 351 (1955); *see also Handy* at 1282. In short, the question is whether Mr. Keys's case could merit a successful appeal, not whether it will.

At trial the government spent a large amount of time discussing Matthew's alleged role in the "Cancerman" emails, a series of emails directed at Fox40 viewer contest entrants disparaging Fox40, with email addresses named after characters from the t.v. show the X Files. The government also alleged that Matthew copied a Fox40 contestant email address list. But none of this implicates any of the elements of 18 U.S.C. 1030(a)(5)(A) and therefore was irrelevant and highly prejudicial.

These disparaging emails and copying of a contestant email list caused no interruption of service, and did not impair or damage any computer system. *Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, No. 2:13-CV-00784-MCE, 2013 WL 3872950, at *21 (E.D. Cal.' July 25, 2013). To establish felony liability for this offense the Government must show "[l]oss to 1 or more persons . . . aggregating at least $5,000 in value" 18 U.S.C.A. § 1030 (c)(4)(A)(i)(I); *see also* 18 U.S.C.A. § 1030(c)(4)(B). The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages *incurred because of interruption of service*." 18 U.S.C. § 1030(e)(11) (emphasis added).

Costs associated with investigating business losses should also be excluded. *See Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 563 (2d Cir. 2006) (Excluding costs "incurred investigating business losses unrelated to actual computers or computer services.").

## A. There Is A Variance Because The Government Proved A Different, Irrelevant Crime At Trial

During the 3-year period between the start of this case and trial, the Government maintained its prosecution was based on the alleged editing of the L.A. Times article and access to the L.A. Times and Tribune Company Content Management System ("CMS"). At trial, the prosecution instead proceeded on a different, unrelated set of acts involving alleged use of a FOX40 email list used to send harassing emails to viewers and station staff. While these facts were known to the defense, they were background information and it was at all times understood that the alleged article editing and CMS access formed the factual basis of the charges.

A defendant's Fifth Amendment rights prohibit this kind of trial by surprise. "The Fifth Amendment guarantees a criminal defendant '[the] right to stand trial only on charges made by a grand jury in its indictment.'" *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) *holding modified on other grounds by United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007) (quoting *United States v. Garcia-Paz,* 282 F.3d 1212, 1215 (9th Cir.2002)). "A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984) (quoting *United States v. Cusmano,* 659 F.2d 714, 718 (6th Cir.1981) (emphasis in original)). Here, the evidence at trial differed vastly. The prosecution focused on a wholly different set of accusations than conduct which Mr. Keys was accused of, namely providing login credentials to the CMS to a group of unindicted hackers in an Internet Relay Chat ("IRC") room, who then gained access and edited one article which was restored

approximately 45 minutes later. Instead, the prosecution focused on a series of emails sent to FOX40 staff and contestants in a FOX40 contest to win an Apple iPad, sent from email addresses referencing several characters from the X-Files (the "Cancerman Emails"). These two sets of alleged facts involved different actors, a different timeline, different alleged victims, and wholly different theories of how the CFAA elements would be proved at trial.

### B. There Was No Damage Because There Was A Backup Of The Data And No Interruption Of Service

District courts across the country have sensibly held that where edited or deleted information was backed up, or remained available in other locations, that the edits or deletions did not constitute CFAA damage. *See Instant Tech., LLC v. DeFazio*, 40 F. Supp. 3d 989, 1019 (N.D. Ill. 2014) *aff'd,* 793 F.3d 748 (7th Cir. 2015) (holding there was no CFAA damage where deleted information remained available in email trash folder and on another computer accessible to the Plaintiff.); *Grant Mfg. & Alloying, Inc. v. McIlvain*, No. CIV.A. 10-1029, 2011 WL 4467767, at *8 (E.D. Pa. Sept. 23, 2011) *aff'd,* 499 F. App'x 157 (3d Cir. 2012) (holding that because the records marked for deletion were still available and accessible there was no CFAA damage); *Cheney v. IPD Analytics, L.L.C.*, No. 08-23188-CIV, 2009 WL 1298405, at *6 (S.D. Fla. Apr. 16, 2009) (holding that the "deletion of files alone does not constitute damage. . . if the deleted data is still available to the plaintiff through other means."); *Dana Ltd. v. Am. Axle & Mfg. Holdings, Inc.*, No. 1:10-CV-450, 2012 WL 2524008, at *6 (W.D. Mich. June 29, 2012) (holding there was no CFAA damage where deleted files could be recovered).

### III. THE SUBSTANTIAL ISSUES PRESENTED SATISFY THE § 3143 FACTORS

### A. The Variance Will Likely Result in a New Trial or Reversal

The variance affected Mr. Keys's substantial rights. "A variance between indictment and proof does not require reversal unless it affects the substantial rights of the parties." *United States v. Kaiser*,

660 F.2d 724, 730 (9th Cir.), *cert. denied*, 455 U.S. 956, 102 S.Ct. 1467, 71 L.Ed.2d 674 (1981). Mr. Keys was convicted of conspiracy, but because of this variance it is unclear which conspiracy the jury may have found him a member of. Unlike in *U.S. v. Kaiser*, here the IRC chatroom forms a common link between these two sets of alleged facts, and Mr. Keys was prejudiced by a high risk of guilt transference from one group to the other. *See* 660 F.2d 724, 730 (9th Cir. 1981). The acts and relevant conduct in each set of alleged facts are vastly different, and a defense to alleged misappropriation of an email list and sending various harassing emails would be substantially different from a defense of others' using CMS access to temporarily modify a news article. *Cf. United States v. Von Stoll*, 726 F.2d 584, 587 (9th Cir. 1984) (finding no reversal where the only variance was the difference of the victim's identity). Here, reversal or a new trial is necessary where Mr. Keys was subject to this impermissible change of theory.

### B. The Lack of Damage Will Likely Result a New Trial or Reversal

The damage minimum is a jurisdictional requirement of a CFAA charge. Without damage, there can be no conviction. Courts across the country have denied damage findings even in more extreme cases where files were deleted but recoverable. *See Sec. III(A), above*. Here, no files were deleted and the original article was restored within an hour.

This is as it should be and as the Rule of Lenity requires. *See United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 95 (1820); *Jones v. United States*, 529 U.S. 848, 858 (2000). Otherwise, the definition of damage under the CFAA becomes dangerously broad and would permit felony prosecutions for editing Microsoft Word documents without someone's permission, even though a saved version of the document existed. And that is essentially what the government is prosecuting in this case: the editing of a text file that a saved version existed for. This is not what the damage provision of the CFAA was meant to address, as evidenced by its legislative history. The legislative history of the CFAA

states that where data can be returned to its "original condition . . . arguably … neither the computer nor its information is damaged." *See* S. REP. 104-357 at 11 (1996) (discussing the difference between CFAA loss and damage).

Likewise, to allege a loss under the CFAA, "plaintiffs must identify impairment of or damage to the computer system that was accessed without authorization." *Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, No. 2:13-CV-00784-MCE, 2013 WL 3872950, at *21 (E.D. Cal.' July 25, 2013). Without damage or impairment, there cannot be loss.

### C. The Trial Court Applied An Incorrect CFAA Loss Instruction Which Requires A New Trial Or Reversal

Under the CFAA, loss must be directly related to responding to the offense. *See* 18 U.S.C. § 1030(e)(11). At trial, the Court improperly allowed testimony and instructions that permitted an overbroad definition of loss. Losses not related to responding to the incident cannot be included in CFAA loss calculations. *See BHRAC, LLC v. Regency Car Rentals, LLC*, No. CV 15-865-GHK MANX, 2015 WL 3561671, at *3 (C.D. Cal. June 4, 2015) (excluding harm caused by theft and use of trade secret customer list obtained from CFAA violation); *Farmers Ins. Exch.* at *2 (E.D. Cal. July 25, 2013) (excluding harm caused by misuse of company's proprietary information). Here, the loss was not sufficiently related to the intrusion, and the jury was not instructed to limit its determination of loss to that provided in 18 U.S.C. § 1030(e)(11).

### D. The Evidence Was Insufficient To Establish A Substantial Step Was Taken To Edit The Front Page Of The L.A. Times

Count 3, charging attempted transmission of code which caused damage, is a crime of attempt. Attempt requires a substantial step to be taken towards its completion. No evidence supports the allegation that Mr. Keys, or any other member of the alleged conspiracy, took any substantial step

6

towards the alleged second attempt at editing an L.A. Times article. Even the PSR admits that Mr. Keys had been "locked out of the system." (Final Presentence Report, ECF # 126 at p. 5). "'Mere preparation' to commit a crime 'does not constitute a substantial step.'" *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1102 (9th Cir. 2011), *as amended* (Aug. 31, 2011) (quoting *United States v. Buffington,* 815 F.2d 1292, 1301 (9th Cir.1987)). Here, there was no substantial step taken by any party, and none was shown at trial. Without this element, the attempt charge should be reversed or remanded for a new trial.

### E. The Evidence Does Not Support a Finding of a Single, Overall Conspiracy Required to Convict Under 18 U.S.C. 371

The Jury Instructions permitted the jury to convict regardless of whether they found a single overarching conspiracy or multiple, smaller conspiracies. (Instruction 18, Final Jury Instructions, ECF 118 at p. 20). This improper conflation denied Mr. Keys the defense that he may have joined one for a limited purpose but was not party to other independent conspiracies involving one or more of the same actors. 2 Fed. Jury Prac. & Instr. § 31:09 (6th ed.); *Kotteakos v. United States*, 328 U.S. 750, 769, 66 S. Ct. 1239, 1250, 90 L. Ed. 1557 (1946); *United States v. Perry*, 550 F.2d 524, 533 (9th Cir.1997).

## IV. MATTHEW IS NEITHER A FLIGHT RISK NOR A THREAT TO THE COMMUNITY

Matthew appeared as required, honored every order of this Court, and never violated the terms of his supervised release before or after trial. It would have been easy for him to flee given the minimum terms of supervised release he was given, but he did not. Nor does he pose any threat to the community – he was not charged or convicted, nor accused of, any violent or dangerous acts that would pose any danger to the community if he were released pending appeal.

### CONCLUSION

Defendant Matthew Keys has been free during proceedings in this Court for the last three years without incident. He should remain free under his current conditions given that there are substantial issues for appeal and he is not a flight risk or threat to the community. His appeal also

presents substantial issues which, if decided in his favor, will result in reversal or a new trial. These factors form the basis by which bail pending appeal is decided, and he satisfies all three. *See Handy* at 1283-84 (9th Cir. 1985).

Dated June 8, 2016

Respectfully Submitted,

TOR EKELAND, PC

By: _____
Mark Jaffe
Tor Ekeland

*Pro Bono* Attorneys for Defendant
MATTHEW KEYS