PHILLIP A. TALBERT
Acting United States Attorney
MATTHEW D. SEGAL
PAUL HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-82 KJM |
| Plaintiff, | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL (DKT. 167) |
| v. | |
| MATTHEW KEYS, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Matthew Keys must make a two-part showing in this case to qualify for the relief he seeks. Under 18 U.S.C. § 3143, a defendant *must*[1] be detained pending appeal, unless the Court finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" *and* "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in [reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process]". 18 U.S.C. § 3143(b)(A) & (B). "Only once the defendant has met *both* prongs of the test can the district court order the defendant released on bail." *United States v. Masters*, 730 F. Supp. 686, 688 (W.D.N.C. 1990) (emphasis in original). Defendant cannot carry his burden on *either* prong.

---

[1] "The legislative history [of Section 3143(b)] indicates that the statute, in essence, creates a presumption against post-conviction release." *United States v. Malquist*, 619 F. Supp. 875, 878 (D. Mont. 1985) (discussing legislative history).

## II. DEFENDANT HAS NOT PROVEN HE IS NOT AN ECONOMIC DANGER TO THE COMMUNITY BY CLEAR AND CONVINCING EVIDENCE

Defendant's burden to show to that he is not a danger to the community by clear and convincing evidence, may appropriately include economic danger. *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992).

Keys's conduct was proven before a jury at trial. Among other actions, Keys, a former site administrator for Fox 40 (part of the Tribune Company), embarked on an email campaign of harassment against his former employer after being terminated (Gov. Sent. Mem., Dkt. 149, 2-4), including by sending harassing or taunting emails Fox 40 viewers. Intending to cause further damage, he also reached out to the network of computer hackers "Anonymous," giving them backdoor access[2] to the Tribune Company CMS and telling them what Tribune Company properties to target (GX611).[3]

This pattern of conduct demonstrates Keys cannot possibly carry his burden to prove by clear and convincing evidence that he poses no economic danger to the community. *See* 18 U.S.C. § 3143(b)(1)(A); *United States v. Hickey*, No. CR 97-0218 WHA, 2006 WL 1867708, at *4 (N.D. Cal. July 6, 2006) ("As long as [defendant] is a free man, he is a risk to perpetrate such a scheme again.").

## III. THE MERITS OF DEFENDANT'S APPEAL DO NOT RAISE QUESTIONS SUBSTANTIAL ENOUGH TO ENTITLE HIM TO RELEASE

"Defendant has a high burden to show that any of the issues he raises on appeal present a 'substantial question' of law or fact warranting bail." *Hickey*, 2006 WL 1867708, at *5 (N.D. Cal. July 6, 2006); *see also United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990) (burden of showing substantial question). "A 'substantial question' is one that is 'fairly debatable,' or fairly doubtful. In, short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted).

---

[2] "In security terms, a back door is a way for an attacker or a hacker to regain access" (R.T. at 345) to a system to which they may have lost access.

[3] Since his conviction, moreover, defendant has repeatedly refused to accept responsibility for his actions and in fact has expressed contempt for the jury's verdict. (Gov. Sent. Mem., at 6-7.)

**A.     The Trial Proof of Defendant's Harrassing Email Campaign was Relevant and Admissible, and Did Not Vary from the Superseding Indictment**

Defendant baldly asserts—without citation—that the proof presented at trial went beyond the defacement of the *Los Angeles Times* and therefore constituted variance, unfair surprise, and was irrelevant.  The plain language of the Superseding Indictment ("Indictment") belies these claims and shows, "[t]his case does not involve a variance, because the allegations set forth in the indictment did not differ from the facts proven at trial." *United States v. Ward*, 747 F.3d 1184, 1190 (9th Cir. 2014). Count Two's charge is broader in time and conduct than the simple defacement of *The Los Angeles Times*.  (Sup. Ind., Ct. One ¶ 1(h), Ct. 2 ¶ 1.)  Keys's conspiracy with Anonymous covered the period December 8, 2010 to December 15, 2010.  (Sup. Ind. Ct. 1 ¶ 2.)  Count Two, the substantive count, covered October 28, 2010 through January 5, 2011, that is, Keys's entire course of conduct vis-à-vis the Tribune Company CMS from his firing until the final deactivation of his last username.  (Ct. 2. ¶ 2.) Accordingly, the proper inquiry for the jury was what aggregate damage Keys caused in that period, which was not limited to defacing the *Los Angeles Times*.  *Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 935 (9th Cir. 2004) (noting the CFAA contains "no 'single act' requirement.").

The Indictment also expressly alleged that after Keys was fired "Keys kept and used, for malicious purposes, login credentials to Tribune's CMS."  (Sup. Ind. Ct. 1, ¶ 1(h); Ct. 2, ¶¶ 1-2). Indeed, it would have been error for the Court *not* to have admitted evidence that on November 3, 2010 and November 22, 2010, dates within the charge period of Count 2, Keys used secret login credentials to access the CMS and download the Fox 40 email list.  (GX 303-004, 005; Sup. Ind., Dkt. 44, Count 2, ¶ 2.)  This was done for the "malicious purposes" of the email harassment campaign, which was relevant and proved at trial.  In short, Keys was advised through the broad language and time period in the Indictment and the fact that the Government actually emailed defendants specifically to advise them of the relevance of Keys's harassing email campaign.  (R.T. at 786.).  Not only are those emails are in the record (Dkt. 164), Keys himself concedes that the facts offered in the prosecution's case at trial were long known to him.  (Def. Mem. at 3 ("While these facts were known to the defense, they were background . . . .").)

In any case, Keys raises his variance arguments as limitations on admissible evidence.  In fact,

3

the evidence Keys disputes was also admissible for other purposes such as motive and completeness.[4]

### B.  **Defendant's Theory That Backed Up Data Can Never be Damaged is Without Merit**

Defendant also attacks the sufficiency of the evidence of Computer Fraud and Abuse Act (CFAA) "damage." A court evaluating sufficiency is obliged to construe the evidence "'in the light most favorable to the prosecution,' and only then determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The Court remarked that the evidence of "back door" construction, if credited by the jury, could support the charges in the indictment. (R.T. 801.) This is consistent with the CFAA's purpose to criminalize conduct that allows an "intruder to accumulate valid user passwords to the system" and thus "requires all system users to change their passwords, and requires the system administrator to devote resources to resecuring the system." Senate Report 104-357, 11; *Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.*, 119 F.Supp.2d 1121, 1126–27 (W.D.Wash. 2000).

### C.  **The Jury Instruction**

The jury received clear instructions tied closely to the language of the statute. "Loss" was given in statutory language: "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense." *Compare* Instruction 20 *with* 18 U.S.C. § 1030(e)(11). Then, for each count, the jury was asked to find whether the offense was linked to $5,000 loss. These were careful instructions that insisted on causal links between the offense and loss. *See* Instructions 19, 22, 24. The causal language mirrors the causal language in the statute. *See* 18 U.S.C. § 1030(c)(4)(A), (B). The jury

---

[4] "A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992). Here, the email campaign helped show that Keys actually possessed login credentials to the Tribune Company CMS, which in turn helped prove the role he played in the conspiracy. *See United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004). Indeed, the allegation appears as background in the conspiracy count. (Sup. Ind., Ct. One ¶ 1(h).) Keys's malicious intent towards Tribune also was relevant to prove his motive for subsequent attacks. *United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir. 1982) ("Motive is evidence of the commission of any crime.").

was thus asked not merely whether the loss "was sufficiently related to an intrusion," (Def. Mem. at 6), but, rather, whether the offense had caused the loss. This is a correct statement of the law.

### D. The Evidence Was Sufficient to Find a Substantial Step in the Attempt Count

The jury was shown evidence sufficient to find beyond a reasonable doubt that when Keys told Sharpie that he was trying to re-enter the system, Keys was actually transmitting commands to the Tribune CMS. (GX 307, 309.) The jury could conclude that Keys had specific intent to commit the underlying crime and took some overt act that was a substantial step toward committing that crime. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc). Evidence of the server log files that showed Keys's actual attempted logins was sufficient to "cross the line between preparation and attempt by unequivocally demonstrating that the crime [would] take place unless interrupted by independent circumstances." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007). Moreover, the evidence demonstrated that but for the deactivation of Keys's backdoor credentials, further mischief would have ensued. Sharpie wanted to post a whole front page layout. (R.T. 641). Indeed, the jury heard evidence that "An unauthorized super user could basically go and delete all the content on a site." (R.T. 274.)

### E. Single Versus Multiple Conspiracies

Keys did not request the Ninth Circuit's instruction on single versus multiple conspiracies. Ninth Circuit Pattern Jury Instruction 8.22. Keys does not say where he present this theory to the jury and his motion does not explain how the instruction would have been appropriate. The Government proved exactly the conspiracy charged in the Superseding Indictment. Even if Keys can articulate some kind of theory that he has not yet, any review of this Court's conspiracy instruction will be for plain error. He is very unlikely to prevail.

### IV. CONCLUSION

Defendant Matthew Keys cannot carry his burden on *either* prong of 18 U.S.C. § 3143(b) because (1) he has continued to engage in illegal and economically harmful conduct following his conviction and (2) his case raises no substantial questions on appeal. Accordingly, his motion should be denied.

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2  Dated: June 13, 2016 | PHILLIP A. TALBERT<br>Acting United States Attorney |
| 4 | By:  /s/ MATTHEW D. SEGAL |
| 5 | MATTHEW D. SEGAL<br>PAUL A. HEMESATH<br>Assistant United States Attorneys |