UNITED STATES DISTRICT COURT

## Eastern District of California

## Petition For Warrant or Summons For Offender Under Supervision

| | | | |
|---|---|---|---|
| **Name of Offender:** | Matthew Keys | **Docket Number:** | 0972 2:13CR00082-001 |

**Name of Judicial Officer**:   Chief United States District Judge Kimberly J. Mueller

**Date of Original Sentence:**   4/13/2016

**Original Offense:**   Count 1: 18 U.S.C § 371 - Conspiracy to Transmit a Program, Code, Command, or Information to a Computer, Intending to Cause Damage, Between on or About 12/8/2010, and on or About 12/15/2010 (Class D Felony)

Count 2: 18 U.S.C. § 1030(a)(5)(A) - Transmitting a Program, Code, Command, or Information to a Computer, Intending to Cause Damage Between on or about October 28, 2010, and January 5, 2011 (Class C Felony)

Count 3: 18 U.S.C. § 1030(a)(5)(A) - Attempting to Transmit a Program, Code, Command, or Information to a Computer, Intending to Cause Damage on or about December 15, 2010 (Class C Felony)

**Original Sentence:** Custody of the Bureau of Prisons for a total term of 24 months on each of Counts 1, 2, and 3, to be served concurrently to each other for a total term of 24 months; Supervised Release for a term of 24 months on each of Counts 1, 2, and 3, to be served concurrently to each other for a total term of 24 months; No Firearm; DNA; $300 Special Assessment; $249,956.00 Restitution.

**Special Conditions:**

1. Warrantless Search
2. No Dissipation of Assets
3. Apply All Monies
4. Financial Disclosure
5. Financial Restrictions
6. Mental Health Treatment
7. Aftercare Co-payment
8. Computer Inspection

RE: **Matthew Keys**                                                              **Docket Number:** 0972 2:13CR00082

**Type of Supervision:**   TSR

**Date Supervision Commenced:**   4/30/2018

**Other Court Actions: None.**

---

## PETITIONING THE COURT

☒ **TO ISSUE A SUMMONS FOR TUESDAY, APRIL 28, 2020, AT 2PM BEFORE MAGISTRATE JUDGE CAROLYN K. DELANEY.  THE PROBATION OFFICER WILL NOTIFY THE PARTIES OF THE HEARING.**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**          **Nature of Violation**

**Charge 1:**          **NEW LAW VIOLATION**

According to computer forensic report and a complaint submitted by the Federal Bureau of Investigations (FBI) the offender is in violation of 18 U.S.C. §§  1030(a)(5)(A), 1030(c)(4)(C) – Knowingly causes the transmission of a program information code, or command, and as a result of such conduct, intentionally causes damage without authorization to a protected computer (Felony), that carries a twenty year term of imprisonment.

**Charge 2:**          **NEW LAW VIOLATION**

According to computer forensic report and a complaint submitted by the Federal Bureau of Investigations (FBI), the offender is in violation of California Penal Code 502(c)(4) – Unauthorized computer access (Felony), that is punishable by imprisonment of up to three years in state prison.

**Justification:**   On February 24, 2020, the United States Attorney Office contacted the probation officer indicating a call had been received from Comstock's Magazine editor, Tom Couzens, with concerns that Matthew Keys was responsible for the deletion of the company's YouTube account. The email containing the allegation was forwarded to the probation officer. The email indicated a police report had been filed with the Sacramento, California, Police Department.

On March 4, 2020, an agent from the Federal Bureau of Investigations advised that Matthew Keys' former coworkers had information on the devices believed to have been used to delete the YouTube content and account. He related it was an Apple iPhone.

Based on the United States Attorney's Office call and related email, reasonable suspicion was established to conduct a probation search.

RE: **Matthew Keys**                                          **Docket Number: 0972 2:13CR00082**

On March 11, 2020, a probation search was conducted at the offender's home. During the search, probation seized eighteen devices, including Matthew Keys' iPhone X and MacBook Pro. On March 17, 2020, the devices were sent to the Cybercrime Lab in the Central District of California (CDCA) to be analyzed by Computer Forensic Investigation and Recovery Search Team (CFIRST) examiners.

The probation officer has reviewed Comstock's Magazine documentation of the alleged incident. This information was used to narrow the probation search to determine if Mr. Keys had committed a new law violation and analyze the Computer Monitoring Reports with the dates of alleged deletion. Based on the information reviewed, it is believed Matthew Keys committed a new law violation as alleged in Charges 1 and 2 of this petition.

**Comstock's Magazine:**

On March 30, 2018, Tom Couzens provided documentation associated with the deletion of the Comstock's Magazine YouTube content. In the documentation provided by Couzens, he reported that Matthew Keys abruptly quit his job on January 23, 2020. At that time Mr. Couzens requested all usernames and passwords; however, Keys did not have them all. Couzens reported he proceeded to revoke Keys' credentials. On February 3, 2020, a new assistant editor began employment at Comstock's Magazine and was granted access to accounts on February 6, 2020. Couzens indicated on February 7th, "an employee" accessed a Gmail account to access the YouTube account, which was functional on this date. Based on the information gathered from their staff, it was determined the Gmail account had been signed in on February 9th at 2:50 a.m., the recovery email deleted at 2:53 a.m., and the password was changed at 2:54 a.m.

On February 13, 2020, the new editor discovered the password to Comstock's Magazine Gmail account no longer worked and had been changed five days before. On February 14th, the employee regained access to the YouTube account and discovered the links were broken.

**Computer Forensic Report:**

On April 7, 2020, the probation officer received the Digital Forensic Examination Report from CDCA. After reviewing the report, there is reason to believe the report contains pertinent information that a new law violation has occurred.

The forensic report of Keys iPhone X and MacBook Pro revealed that on February 10, 2020, at approximately 2:09:14 a.m., "the user navigated and landed at the Comstock's Magazine – YouTube channel site. Approximately 17 seconds later, the user performed a Google search of 'how to delete YouTube channel.'" The report reflects that approximately 20 seconds later, the user was once again signed into a YouTube account, accessed the "Manage your YouTube content" at 2:10:56 a.m. At 2:11:26 a.m., the URL for website contained text string, "youtubeoptions/deletesuccess."

In addition to the above activity, the forensics report reflects cookie artifacts include a path that appears to be associated with the Gmail account for Comstock's Magazine, an indication that the user likely accessed the Gmail domain for comstocksmagainze@gmail.com on February 10, 2020, at approximately 2:46 a.m.

RE: **Matthew Keys**                                                                                          **Docket Number: 0972 2:13CR00082**

**Computer monitoring:**

Additional evidence associated with the alleged violations includes a review of the computer monitoring reports by probation. A computer report dated February 9, 2020, between 2:20 a.m. and 2:50 a.m., displays the image of an authentication error for Comstock's Magazine. The image shows that in an attempt to sign into account, the email address used to sign in was matthew@matthewkeys.net, which also required a secret key, and a master key that were entered. After this information was entered, the image indicated user to scan 1Password Setup through the scanning of set up code. It instructs user to scan set up code from another device.

**Matthew Keys:**

On April 23, 2020, Matthew Keys was questioned about Mr. Couzens allegations. Mr. Keys was present with his attorney. Furthermore, he was asked whether he accessed any of Comstock's Magazine accounts after January 23, 2020, and if he deleted the YouTube content and account. Mr. Keys denied these actions and indicated he will submit a written statement to the probation officer by April 26, 2020. Mr. Keys indicated he believes Couzens' accusations stem from a complaint he filed against Comstock's Magazine with the California Employment Development Department for a hostile work environment.

Based on the information provided by Comstock's Magazine editor Tom Couzens; the Digital Forensics Report for Keys' devices seized during a probation search; a complaint from the FBI, and review of Computer Monitor Reports, it appears Matthew Keys has exhibited similar conduct to that of the underlying offense by deleting Comstock's Magazine YouTube content. The information gathered, reflects Mr. Keys accessed Comstock's Magazine accounts after he departed the company and proceeded to delete the content and YouTube account.

**Detention:** Matthew Keys has been on Supervised Release for twenty-three months and supervised release is due to expire on April 29, 2020. Due to COVID-19 pandemic restrictions, the probation officer respectfully recommends the Court issues a summons to appear in court and that Mr. Keys remain out of custody during violation proceedings.

RE: **Matthew Keys**　　　　　　　　　　　　　　　**Docket Number: 0972 2:13CR00082**

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**　　**April 24, 2020**
　　　　　　　　　　**Elk Grove, California**

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*[signature]*

　　　　　　　　　　　　　　　　　　　　　**Miriam E. Olea**
　　　　　　　　　　　　　　　　　　　　　**United States Probation Officer**
　　　　　　　　　　　　　　　　　　　　　Telephone: (916) 683-3323

**DATED:**　　4/24/2020

　　　　　　　　　　　　　　　　　　　　　Reviewed by,

　　　　　　　　　　　　　　　　　　　　　*[signature]*

　　　　　　　　　　　　　　　　　　　　　**Ronnie Preap**
　　　　　　　　　　　　　　　　　　　　　**Supervising United States Probation Officer**

RE: **Matthew Keys**                                      **Docket Number: 0972 2:13CR00082**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☐ The issuance of a warrant.

☒ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge – April 28th at 2:00 p.m. before Magistrate Judge Carolyn K. Delaney.

DATED: April 27, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Matthew Segal, Paul Hemesath

United States Marshal Service

RE: **Matthew Keys**                                            **Docket Number:** 0972 2:13CR00082

# STATEMENT OF EVIDENCE OF ALLEGED

# SUPERVISED RELEASE VIOLATIONS

Honorable Kimberly J. Mueller
Chief United States District Judge
Sacramento, California

                                  RE:     Keys, Matthew
                                             **Docket Number:** 0972 2:13CR00082

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**     **NEW LAW VIOLATION**

    a. **Evidence:**

        i. Sacramento PD Summary Incident Report #2020-1802224

        ii. Complaint submitted to the Federal Bureau of Investigation

        iii. Digital Forensic Examination Report dated April 7, 2020

        iv. Computer Monitoring Reports

    b. **Witnesses:**

        i. Comstock's staff

        ii. Federal Bureau of Investigations

        iii. Computer Forensic Specialist/United States Probation Officer, Terry Ginsburg will testify as to the contents of the Digital Forensic Examination Report

        iv. United States Probation Officer, Miriam E. Olea will testify as to the contents of the Computer Monitoring Reports

RE: **Matthew Keys**     **Docket Number: 0972 2:13CR00082**

**Charge 2:** **NEW LAW VIOLATION**

    a. **Evidence:**

        i. Sacramento PD Summary Incident Report #2020-1802224

        ii. Complaint submitted to the Federal Bureau of Investigation

        iii. Digital Forensic Examination Report dated April 7, 2020

        iv. Computer Monitoring Report

    b. **Witnesses:**

        i. Comstock's Staff

        ii. Federal Bureau of Investigations

        iii. Computer Forensic Specialist/United States Probation Officer, Terry Ginsburg will testify as to the contents of the Digital Forensic Examination Report

        iv. United States Probation Officer, Miriam E. Olea will testify as to the contents of the Computer Monitoring Reports

Respectfully submitted,

*/s/ Miriam E. Olea*

**Miriam E. Olea**
**United States Probation Officer**
Telephone: (916) 683-3323

**DATED:** 4/24/2020
Elk Grove, California

Reviewed by,

*/s/ Ronnie Preap*

**Ronnie Preap**
**Supervising United States Probation Officer**

RE: **Matthew Keys**                                    Docket Number: 0972 2:13CR00082

# REVOCATION GUIDE – SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| **Name of Offender:** | Matthew Keys | **Docket Number:** | 0972 2:13CR00082 |
| **Date of Original Offense:** | 01/05/2011 and 12/15/2010 | | |

**Original term of supervised release imposed:** 2 years

**Highest grade of violation alleged:** A

**Criminal History Category of offender:** I

**Original guideline range:** 37 **to** 46 **months.**

**Chapter 7 range of imprisonment:** 12 **to** 18 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

- ☐ **Class A felony - 5 years (or stat max of** Click here to enter text. **years if longer)**
- ☐ **Class B felony - 3 years**
- ☒ **Class C and/or D felony - 2 years**
- ☐ **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:  YES: ☐   NO: ☒**

<u>**Original offense committed on or after 04/30/2003**</u>: Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.