MARK REICHEL, State Bar #155034
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California 95814
Telephone: (916) 498-9258
FAX: (888)505-9331

mark@reichellaw.com
www.reichellaw.com

Attorney for Defendant
MATTHEW KEYS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | Case No. CR-S-13-82 KJM |
| v. | SENTENCING MEMORANDUM |
| MATTHEW KEYS Defendant. | DATE: July 19, 2021<br>TIME: 9:00 a.m.<br>Judge: Hon. KIMBERLY J. MUELLER |

SENTENCING MEMORANDUM

Matthew seeks a sentence of no further incarceration, nor any term of supervised probation for the reasons set forth hereafter.

LEGAL AUTHORITY. As is widely known, virtually anything at all, post *Booker*, is a valid issue for the court to consider when imposing a sentence. The Sentencing Reform Act, 18 U.S.C. §3551 et seq., imposes an "overarching instruction" that district courts must select a sentence "sufficient but ***not greater than necessary***" to achieve the sentencing goals

in section 3553(a)(2). Kimbrough v. United States, 128 S. Ct. 558, 570 (2007). The factors set forth in 3553 comprise "a tapestry of factors, through which runs an overarching principle," the court's duty "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." United States v. Rodriguez, 527 F.3d 221, 228 (1st Cir. 2008).

Section 3553(a)(1) begins with the "broad command" to consider the nature and circumstances of the offense and the ***history and characteristics of the defendant***. The statute also requires judges to consider the types of sentences available by statute, section 3553(a)(3), **including "sentences other than imprisonment," such as probation**. See Gall, id., and at 595-596 and n.4, 602 (probationary sentence reflected consideration of types of sentence available, and discussing probation as substantial restriction on freedom based on conditions of supervision). (Emphasis added).

The Supreme Court envisions that a district court will *always* consider arguments that the Guideline sentence should not apply because the guideline itself fails properly to reflect Section 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate regardless. Rita, at 2468. ***Along with this, the Court places nothing off-limits for district courts***. All the Guidelines are advisory and a judge may determine that any within Guidelines sentence is "greater than necessary" to serve the objectives of sentencing. Kimbrough , at 564. District

courts may not simply defer to policies of the Commission. Rita, at 2468.

RELEVANT FACTORS. Here, Matthew points out the following very essential and relevant factors:

* *Good programming on supervised probation.* Since the petition was filed, April 2020, Matthew has for all purposes been on a version of "house arrest." Because of COVID 19 lock down, and the fact that his probation was extended (he was set to expire April 2020), Matthew has now been working for himself and on continued supervision for an additional 15 months. He has not been free to travel, and is monitored by his probation officer. He has thus been on supervised probation now since February 2018, a period of 37 months.

Since March of 2020 probation has allowed unmonitored access to a computer at his home and an iPod Touch (which is exactly like an iPhone).

* *Beneficial contribution to the community by Matthew.* Matthew started a business by himself, and for himself, in February 2020. His work as a journalist betters the life for everyone in the community where he resides, as his "scoops" and publishing efforts have kept his community very informed with not just breaking news but also in depth evaluation of issues that are often overlooked by larger media assets.

His letter, attached hereto, explains these issues well.

**There was no evidence of any monetary loss.* Before, during and now after the evidentiary hearing there has been no proof of any actual monetary loss to Comstock's. Their videos were available on their face book page as well as

their website. The youtube videos were not lost for good. They were posted/hosted on other platforms as well.

The sentence requested by Matthew is clearly "sufficient but ***not greater than necessary***" to achieve the sentencing goals in section 3553(a)(2), as required by the teachings of our Supreme Court. Anything more would not fulfill any of the interests served by incarceration, and would be in excess of what is required under a standard of "reasonableness" in this instance.

Dated: July 15, 2021

Respectfully submitted,

*Mark Reichel*

MARK REICHEL
ATTORNEY FOR DEFENDANT