UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:13-cr-00082-KJM |
| Plaintiff, | ORDER |
| v. | |
| Matthew Keys, | |
| Defendant. | |

This court previously found Matthew Keys violated the terms of his supervised release by deleting his former employer's YouTube channel without authorization after abruptly resigning. *See generally* Prev. Order, ECF No. 223. Keys now moves for reconsideration. *See* Mot., ECF No. 233. The government opposes, Opp'n, ECF No. 236, and Keys replied, ECF No. 237. The court informed the parties prior to the dispositional hearing on July 19, 2021 that it was denying the motion. This order explains the court's reasoning.

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has "approved of the judicial economy" of such motions in the appropriate circumstances. *United States v. Rabb*, 752 F.2d 1320, 1322 (9th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987). A motion for reconsideration of a nonfinal order in a criminal case is a power within the court's "inherent jurisdiction." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "No precise 'rule'

1

1  governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling
2  in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). It is
3  instead a matter of discretion. *Id.*

4  Keys moves for reconsideration here based on the Supreme Court's intervening decision
5  in *Van Buren v. United States*, 141 S. Ct. 1648 (2021). In *Van Buren*, the Supreme Court
6  interpreted 18 U.S.C. § 1030(a)(2), which punishes anyone who "intentionally accesses a
7  computer without authorization or exceeds authorized access" and "thereby obtains . . .
8  information . . . ." The Court held that this provision "covers those who obtain information from
9  particular areas of a computer . . . to which their computer access does not extend." 141 S. Ct.
10 at 1652. "It does not cover those who . . . have improper motives for obtaining information that is
11 otherwise available to them." *Id.* Keys contends he had authorization to access the computers
12 and accounts in question here and therefore cannot have violated § 1030(a) under the Supreme
13 Court's decision in *Van Buren*. There are two primary flaws in this argument.

14 First, Keys was not charged with a violation of the provision the Supreme Court was
15 interpreting in *Van Buren*, namely § 1030(a)(2). He was charged with violating § 1030(a)(5)(A).
16 That part of § 1030 punishes anyone who "intentionally causes damage without authorization."
17 18 U.S.C. § 1030(a)(5)(A). Keys therefore cannot shed culpability by showing he had access to a
18 computer but acted with improper motives, as the government alleged in *Van Buren*. Whether
19 Keys violated § 1030(a)(5)(A) depends instead on whether he had authorization to cause damage.

20 He did not, and that is the second primary flaw in his motion for reconsideration: the
21 evidence does not show Keys had authorization to cause damage. Instead the evidence weighs
22 heavily in favor of the conclusion that Keys was not even authorized to access the relevant
23 systems, let alone to cause damage:

> It is impossible to conclude on this record that *Comstock's* authorized
> Keys to access its Google account or delete its YouTube channel
> after he resigned. The magazine attempted to revoke his access to all
> of its accounts immediately after his resignation. . . . No evidence
> suggests anyone at the magazine wanted to delete the YouTube
> channel or would have agreed that Keys could do so. Rather, the
> opposite is true. One of the first things Keys's replacement did after
> she arrived was check what videos were available on the YouTube

channel.  She discovered the channel was missing because she wanted to use it.

Prev. Order at 8–9.  Keys has not identified any error in these findings.  He relies again on evidence he cited previously, and which the court has already considered: an email he received from *Comstock's* publisher, who initially refused his resignation.  *See* Mot. at 4; *see also* Prev. Order at 2.  This evidence does not show he had authorization to access the magazine's systems after he rejected the publisher's pleas not to go through with his resignation; nor does it show he had authorization to cause damage.  *See* Prev. Order at  2–3, 8–9.

**The motion for reconsideration is denied.**

This order resolves ECF No. 233.

IT IS SO ORDERED.

DATED: July 19, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE