MARK REICHEL, State Bar #155034
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California 95814
Telephone: (916) 498-9258
FAX:       (888) 505-9331

mark@reichellaw.com
www.reichellaw.com

Attorney for Defendant
MATTHEW KEYS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR-S-13-82 KJM |
|---|---|
| Plaintiff, | ) MOTION FOR RETURN OF PROPERTY (ELECTRONICS SEIZED BY THE PROBATION DEPARTMENT IN 2020) |
| v. | |
| MATTHEW KEYS | ) DATE: tba |
| | ) TIME: tba |
| Defendant. | ) Judge: Hon. KIMBERLY J. MUELLER |

Defendant seeks an Order returning the properties (cell phone and computer) seized from him by the probation department, not the subject of any search warrant, which have now been held after the violation proceedings have concluded.

Defendant has attempted to obtain the government's agreement to the voluntary return; the probation department will not release the items without an Order from the Court, and the government will not agree to their return unless the defendant agrees to an evidentiary concession about the admissibility at future hearings in the case.  There is no

search warrant which has seized the property, and in the absence of such, the items cannot be "held" illegally by the government.

**Factual background**: On March 11, 2020, U.S. Probation Officer Miriam Olea, Officer Ronnie Preap and other U.S. Probation personnel executed a search on defendant's residence in Vacaville, California. They were assisted by Federal Bureau of Investigation Special Agent Heriberto Cadena during the search of the residence. At the end of the search, the U.S. Probation Office seized more than a dozen computers and computer-related devices. The reasons for the search and subsequent seizure of devices were not clear to the defendant at the time; Officer Olea later told the defendant they were routine because his period of supervised release previously imposed by the court was set to expire.

In late April 2020, the U.S. Probation Office returned all devices except for two. The two outstanding devices were an Apple MacBook Pro ("the computer") and an Apple iPhone X ("the phone"). On April 27, 2020, the U.S. Probation Office filed a petition to revoke his supervised release. A hearing was held in February 2021 on the matter, and the Court revoked the period of supervised release at a dispositional hearing on July 19, 2021.

At the dispositional hearing, defendant's attorney made a request to have the two outstanding devices returned to him. The U.S. Probation Office did not object. At first, the Government also did not object. Upon further consideration, the Government expressed concern over unspecified data and

its preservation. The Court ordered all parties to confer and file a stipulation regarding the return of property.

To date, the Government and Probation have refused to return the devices: probation will not without a court order; the government requires an evidentiary stipulation that the defendant does not desire to agree to. Nor should he. If he is charged at a later date with any crime resulting from any contents of the devices, he will have waived any challenges to the search and seizure of the devices without a warrant, among them his excellent argument that the federal probation department was simply acting as a "stalking horse" for the federal investigators, impermissibly.[1]

***The devices contain data of a sentimental, personal nature and are at risk of being lost forever***. The computer and the phone contain data of a personal, sentimental nature that are completely unrelated to matters involving the Government and the U.S. Probation Office — material, including text messages, photos, videos and audio recordings, that the Government and the U.S. Probation Office have no legitimate interest in. The material that resides on the devices include both personal materials and work product that are original, unique and irreplaceable if lost, including:

---

[1] "A probation officer acts as a stalking horse if he conducts a probation search on prior request of and in concert with law enforcement officers. ...The appropriate inquiry is whether the probation officer used the probation search to help police evade the Fourth Amendment's usual warrant and probable cause requirements or whether the probation officer enlisted the police to assist his own legitimate objectives...." *United States v Watts* 67 F.3d 790, 793-94 (9th Cir. 1995), *cert*. granted, judgment rev'd on other grounds, 519 U.S. 148 (1997) *Id* at 794.

a.) Personal photos of family members, friends and other loved ones;
b.) Video recordings of family members, friends and other loves ones;
c.) Audio recordings of interviews conducted during his employment at a local newspaper and business magazine, including hours of audio recordings that were related to an award-winning news feature on a now-defunct retailer;
d.) Contact information for news sources, including names, physical addresses, e-mail addresses, phone numbers and social media handles;
e.) Images, graphics, audio and video files related to two startup businesses that were in the pre-launch phases at the time of the joint Probation-F.B.I. search of his home; and
f.) Attorney-client communications and products that cannot be examined or retrieved through other methods.

Some of this data — particularly material related to news sources, including communication —  was not stored outside either the computer or the phone due to concerns over security and/or to maintain confidentiality. They exist only on one of the two devices in question — nowhere else — and they have been entirely inaccessible to me since March 11, 2020. Worse, some of the information that was on these devices may already be lost: The computer and the phone both store data using internal hardware known as a "solid-state drive," or SSD. These drives use electrons generated from a power source like an AC adapter or a battery to store data. Experts say most SSDs, in ideal conditions, are able to

4

retain data without being connected to a power source for a few years, though some SSDs — including ones used in consumer devices like phones and laptops — have a shorter retention period. It is unclear under what conditions the computer and phone have been stored in since they were seized on March 11, 2020. The U.S. Probation Office has provided no update on their condition, other than to say that they remain in their office in either Sacramento or Elk Grove. It is also unclear if these devices have been plugged in or otherwise charged to maintain power. If they have not, it is reasonable to assume that the SSDs in each device are quickly approaching the point where data will become irreversibly lost — if it has not already started to happen. Each day the devices remain with the U.S. Probation Office is another day that this unfortunate scenario becomes more likely.

**Applicable Law:** Under Rule 41(g) of the Federal Rules of Criminal Procedure, "a person aggrieved by…the [continued] deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The Court must receive evidence on any factual issue necessary to decide the motion." When there are no criminal proceedings pending against the Defendant, the Court must construe the Rule 41(g) motion as a civil complaint, and it must be reviewed according to the Federal Rules of Civil Procedure. (See *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); see also *Naranjo v. United States*, No. CR 00- 01110-RSWL-1, 2014 WL 12591477 (C.D. Cal. Jan. 3, 2014)). This is true even when the Defendant has been sentenced and

is presently incarcerated or on supervised release (See *United States v. Ioane*, No. CR 00-142-LJO-3, (E.D. Cal. Mar. 25, 2019).

Further on point is *United States v. Gladding*, 775 F.3d 1149 (9th Cir 2015). There, the defendant was convicted of possessing child pornography on his computer. He filed a motion for the return of the non-contraband contents of his computer, including family photographs. The Ninth Circuit held that the defendant was entitled to have this property returned.

**Conclusion**

The devices must be returned immediately. By their own affirmation, the U.S. Probation Office holds no interest in their continued custody, now that the probation violation process has ended at the district court level. The Government's interest, on the other hand, is to obtain an evidentiary concession where they are otherwise not so entitled.

DATED: October 6, 2021

Respectfully submitted,

*Mark Reichel*
MARK REICHEL
ATTORNEY FOR DEFENDANT