PHILLIP A. TALBERT
Acting United States Attorney
PAUL HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-00082-KJM |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF EVIDENCE |
| v. | |
| MATTHEW KEYS, | COURT: Hon. Kimberly J. Mueller |
| Defendant. | |

Defendant Matthew Keys has filed a motion to return evidence containing evidence against him that may be used in an indictment for violations of federal and state laws. He has no right to obtain the two physical devices (a phone and a computer) currently being held as evidence, but the government does offer to provide a copy of the data contained on those devices.

In any event, Keys's motion is moot for the following two reasons.

First, Keys filed an appeal in this Court's adjudication of his TSR violation. Ninth Cir. Case No. 21-10211. If the appellate court determines that the matter should be re-tried or otherwise reconsidered, the evidence against him (the digital evidence contained on the two devices, which showed that he deleted his employer's data) would be required in that proceeding. Accordingly, Keys's argument that the U.S. Probation Office "holds no interest" in the evidence is no longer the case—Keys's appeal necessarily revives and maintains U.S. Probation's interest until the appellate matter has been resolved.

Second, on October 18, 2021, the government obtained a warrant for the two physical devices, which had been secured at the United States Probation evidence lockers in Elk Grove, California. EDCA Docket No.: 2:21-SW-800 KJN.  On October 21, 2021, the FBI took possession of the devices from U.S. Probation, and they are now stored in a secure FBI facility, subject to the warrant.  The FBI's interest in the devices is that they contain evidence that Keys destroyed his employer's data in February 2020.  This evidence is relevant to whether an indictment may issue alleging that Keys violated 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(C) (knowingly causing the transmission of a program information code, or command, as a result of such conduct, causing damage without authorization to a protected computer).

The government is ready and able to provide Keys with a copy of his data, but it is unwilling to weaken its future evidentiary posture at trial by relinquishing to the defendant the unique physical devices that prove he deleted his employer's data.

Keys is well aware that he has appealed the TSR matter and that he may be facing an indictment accusing him of deleting his employer's data—therefore, his effort to take sole possession of this evidence is disingenuous.  In any case, his motion was completely mooted by the FBI's warrant and seizure of the devices.

Dated:  October 24, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ PAUL HEMESATH
PAUL HEMESATH
Assistant United States Attorney