UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States,<br><br>          Plaintiff,<br><br>     v.<br><br>Mathew Keys,<br><br>          Defendant. | No. 2:13-cr-00082-KJM-1<br><br>ORDER |

Defendant asks this court to order the court's Probation Office to return a computer and cell phone seized from him during an investigation into whether he violated terms of his supervised release. The government opposes. As explained in more detail below, the court **denies** the motion given that the devices contain evidence that may be relevant in a potential future prosecution; however, the government is directed to provide defendant copies of all noncontraband files on the two devices.

**I.     Background**

In 2016, defendant Mathew Keys was found guilty of three counts charged under the Computer Fraud and Abuse Act. *See* Am. J. and Commitment at 1, ECF No. 175. In March 2020, while defendant was serving a term of supervised release, U.S. Probation Officers and an FBI Special Agent executed a search warrant at defendant's residence. Mot. at 2, ECF No. 254. The Officers "seized more than a dozen computers and computer-related devices." *Id.*

The following month, Probation returned all of the devices to defendant but two: an Apple MacBook Pro and an Apple iPhone X. *Id*. Probation also filed a petition to revoke defendant's supervised release, alleging he had violated the Computer Fraud and Abuse Act again in February 2020. *See* Petition, ECF No. 185. In July 2021, the court held a hearing, found defendant in violation and revoked his supervised release. Mins. for Mot. Hr'g, ECF No. 241; Revocation J. and Commitment, ECF No.243. At that hearing, the court ordered the parties to meet and confer with the government "to reach an agreement and file a stipulation regarding what evidence should be preserved or returned to the defendant." Mins. for Mot. Hr'g, ECF No. 241. The parties were unable to reach an agreement.

Defendant appealed; while the appeal technically still is pending, he recently moved to dismiss his appeal voluntarily. Not. of Appeal, ECF No. 244; Mot. Dismiss, No. 21-10211 (9th Cir. Feb. 1, 2022), Dkt. No. 11. Defendant now asks the court to order the return of the cell phone and computer now that the violation proceedings have concluded. Mot. at 1, ECF No. 254. He claims these two items contain the only copies of several important personal files. *See id.* at 3–4. The government opposes. Opp'n, ECF No. 257. It argues it currently possesses the devices under a warrant pending an investigation and possible new criminal charges. *See id.* at 2. The government also argues it has an interest in the devices until defendant's appeal is resolved. *See id.* at 1. Defendant did not reply. The court submitted the matter without a hearing.

**II.     Legal Standard**

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "The burden of proof on a Rule 41(g) motion depends on when the defendant files the motion." *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014). If the motion "is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *Id.* (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir.1987)). But the burden changes when the government no longer needs "the property . . . for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation." *Id.* Then the motion is

"treated . . . as a civil complaint," *United States v. Ibrahim*, 522 F.3d 1003, 1005 (9th Cir. 2008), and there is a rebuttable presumption that defendant "ha[s] a right to [the property's] return," *Gladding*, 775 F.3d at 1152.  The government then "has the burden of demonstrating that it has a legitimate reason to retain the property."  *Id*. (citations and internal quotation marks omitted); *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir.2013).  "The simplest way for the government to carry its burden is to prove the property . . . is contraband or subject to forfeiture." *Gladding*, 775 F.3d at 1152 (citations and internal quotation marks omitted).

### III.   Analysis

Here, the defendant has not shown the seizure of the two items he wishes returned was illegal or that he is entitled to return of the property before the government concludes its investigation into potential charges of violating the Computer Fraud and Abuse Act in 2020.  The court finds this alone provides justification for the government's retention of the devices.

While defendant is not at this time entitled to the return of his devices themselves, he nonetheless has a right to the return of his "noncontraband files," *Gladding*, 775 F.3d at 1151, which "the government [has] offer[ed] to provide. . . ." Opp'n at 1.

To the extent defendant seeks to have the electronic devices returned to him, the **motion (ECF No. 254) is denied**.  However, within fourteen (14) days, the government shall arrange to provide defendant with copies of his noncontraband files retrieved from those devices.

The order resolves ECF No. 254.

IT IS SO ORDERED.

DATED: March 11, 2022.

CHIEF UNITED STATES DISTRICT JUDGE